Cook *v.* McDoel.

## COOK & PIERCE *vs.* McDOEL.

In a suit by attachment prosecuted against two persons as joint debtors in the court of a justice of the peace, it is not enough that a proper return by the constable should be made of the service of the attachment upon one of them: and where such return as to one was made and nothing was said in it as to any service on the other defendant, the judgment was reversed.

ERROR to the Oneida C. P. McDoel recovered a judgment against Cook & Pierce before a justice of the peace, which the common pleas affirmed on *certiorari*. The suit was commenced by attachment, and the return of the constable stated that he had attached certain property which he described and had made an inventory, and that he served a copy of the attachment and of the inventory *on the defendant Cook*, on a day named. Nothing was said of any service upon the other defendant. Cook appeared and made objections to the return, which were overruled. Pierce did not appear. Issue was then joined and a trial had. The judgment was against both defendants as joint debtors.

*S. H. Stafford*, for the plaintiffs in error.

*J. W. Jenkins*, for the defendant in error.

*By the Court*, JEWETT, J.   The statute requires that the constable, on the seizure of the property on an attachment, shall immediately make an inventory of it and leave a copy of the attachment and of the inventory, certified by him, at the last place of residence of the defendant; and if he has no place of residence in the county where the goods are attached, to leave such copy and inventory with the person in whose possession the goods were found.   (2 *R. S.* 231, § 31.)   By § 36 of the act of 1831 (*Stat. p.* 404) it is required that every attachment issued by virtue of that act or of the provisions contained in the revised statutes shall be served in the manner provided for by the revised statutes, except that if the defendant can be found in the county, the copy of such attachment and inventory shall be served upon him personally, instead of leaving the same at the place prescribed by the revised statutes; and the return of the officer, in addition to what was before required, shall state specifically whether such copy was or was not personally served upon the defendant.

I think that the objection is well taken.   It was the duty of the constable to have served a copy of the attachment and inventory on Pierce personally, if he was to be found in the county, or if not, to have left the same at his last place of residence, if he had a residence in the county; and if he had no residence, to have left the same with the person in whose possession the goods attached were found; and to have stated in his return the manner of such service.   The return in this case shows nothing in regard to the service of the attachment on Pierce. For this reason the judgment must be reversed.

Judgment reversed.