CHARLES F. WATTS *v.* JAMES C. WILLETT, SHERIFF, &c.

The official return, by a constable, of proceedings under an attachment issued by a justice of the Marine Court under the non-imprisonment act, should specify the manner in which the writ has been executed, and, in addition, specifically state whether a copy was or was not personally served on the defendant named in it.

If the defendant cannot be found in the county, then it should show that the constable left a certified copy of the attachment and inventory at the defendant's last place of residence, specifying it.

Where the affidavits, on which the attachment was issued, showed that the defendant resided in the city and county of New York, at No. 54 First street, and the return of the constable stated, that because he could not find the defendant, he left a copy of the attachment and inventory with a person, in whose possession he found the goods and chattels of the defendant, at No. 252 Washington street.

*Held,* that the attachment was not served in the manner required by statute, and the constable acquired no right to the possession of the property, nor any right of action respecting it.

Such a return will not authorize the plaintiff to proceed to trial upon the return day of the attachment. And although the voluntary appearance of the defendant at that time is sufficient to confer upon the justice jurisdiction to proceed to trial and judgment, that act does not make an incomplete service of the attachment perfect in law, as against executions levied by the sheriff in favor of other creditors.

It is the *service* of the attachment which places goods taken under it in the custody of the law, and creates a valid lien, which a subsequent execution cannot remove.

APPEAL by plaintiff from a judgment of the Marine Court at general term. On or about the 19th day of May, 1856, two attachments against the property of Joseph Crawford were duly issued by and out of the Marine Court of the city of New York to the plaintiff, as constable, one of which attachments was at the suit of Skelding & Thorp, for $279.17, the other at the suit of John Anderson, for $208.85. The affidavits upon which the attachments were issued showed that the defendant, Crawford, resided at No. 54 First street, New York city, and kept a store at No. 252 Washington street, and set forth various facts tending to show that he had made a pretended sale of his stock of goods, and was keeping himself concealed, with intent

to defraud his creditors.   These attachments were executed by the plaintiff on the same day that they were issued, and the following return was made by him of his service in each case:

"By virtue of the within attachment I did, on the 19th day of May, 1856, attach and take into my custody the goods and chattels of the defendant within named, and an inventory of which the annexed is a copy ; and immediately on the same day, because I could not find the defendant, I left a copy of said attachment and inventory with a person, in whose possession I found the goods and chattels of the defendant, at No. 252 Washington street in the city of New York."

To this return an inventory of the property attached, was annexed.

The attachments were made returnable on the 26th day of May, 1856.   On that day the defendant Crawford appeared at court, and judgment was rendered against him.   On the 16th, 17th, 19th, 20th, and 21st days of May, 1856, executions at the suit of various creditors of Joseph Crawford were issued to the defendant, the sheriff of the city and county of New York, and were levied by him on the same property thus attached by the plaintiff; the property was sold under these executions, and the proceeds applied to the payment thereof.   It was admitted that the property so sold was more than sufficient to pay the attachments, and the executions issued prior to the attachments.

This action was brought to recover the amount of the attachments from the defendant, the sheriff, upon the ground that the attachments constituted a lien upon the property, which the plaintiff was entitled to have satisfied before the executions issued on the 20th and 21st of May.   On the trial, the defendant moved to dismiss the complaint on the ground that the attachments were irregularly issued and served, and constituted no lien upon the property.   The motion was granted, and the complaint was dismissed.   The judgment of dismissal was affirmed at general term, and the plaintiff appealed.

*Lewis B. Reed, jr.*, and *John Sessions*, for the appellant.

I. The judge having jurisdiction to issue the attachment, it follows that the levy was valid; for it was not necessary *service* should precede the *levy;* on the contrary, it must follow.   § 36. And any irregularity in the service was cured by the appearance, although by attorney.   9 Barb. 381; 2 R. S. (2d ed.) p. 162, §§ 27, 28, 29; Id., p. 202, §§ 293, 294, 295.

II. The attachment, being warranted by law, created a lien not only against the debtor, but also against subsequent attachments and executions.   *Van Loan* v. *Klane,* 10 Johns. 129.

III. Jurisdiction having been acquired, it cannot be lost by mere irregularity; the proceedings may be reversed, but they are not void.   Every intendment will be made in favor of regularity, and third parties will not be allowed to inquire into them. 8 Cow. R. 127; 3 Denio R. 168; 2 Hill R. 517; 21 Wend. R. 47.

IV. Presumptions will not be allowed to oust a justice of jurisdiction, (12 Barb. 550); not only is this so, but public officers—a justice, constable, &c.,—are presumed to have done all that the law requires when it appears they have *undertaken* to do a thing. *Van Kirk* v. *Wilde,* 11 Barb. 520.


*A. J. Vanderpoel, (Brown, Hall & Vanderpoel),* for the respondent.

I. The officer did not serve the attachment in the manner required by statute, and obtained no lien upon the property of the debtor, as against the claims of judgment creditors intermediate the levy and the return day of the attachment.   The remedy by attachment, where it is jurisdictional process, is only available to a party who strictly complies with all the statutory provisions.   2 R. S. (4th ed.) p. 432, § 29; Id., p. 461, § 213; *Cook* v. *McDoel,* 3 Denio, 317; *Willard* v. *Sperry,* 16 Johns. 121. *a.* The plaintiff did not leave a copy of the attachment or inventory, certified or otherwise, at the last place of residence of the defendant.   The return does not allege that the defendant did not have a place of residence within the county, nor whether he could not find him within the county.   If he can be found

in the county, the attachment must be personally served, and the fact stated. Laws of 1831, p. 404, § 36. *b.* "It is a regular return only that can give jurisdiction." *Stuart* v. *Smith*, 17 Wend. 517; *Wheeler* v. *Lampman*, 14 Johns. R. 481; *Barnes* v. *Harris*, (per BRONSON, J.), 4 Com. 383.

II. The plaintiff's title is not aided by the fact that the defendant in the attachment appeared on the return day. The rights of the sheriff, acquired on the 19th, 20th, and 21st days of May, 1856, could not be impaired by any subsequent acts or waiver on the part of the defendant in the property. The debtor could not, by appearing in court, work a transfer of title, so as to defeat the levy, any more than he could do so by an instrument under his hand and seal. *Homan* v. *Brinckerhoff*, 1 Denio, 184.

III. The sheriff has a right to object to the validity of the plaintiff's levy of the attachments. *Horton* v. *Hendershot*, 1 Hill, 118.

IV. The action for money had and received will not lie, under the circumstances of the present case.

By the Court, HILTON, J.—The material question to be here determined is, whether the attachment issued out of the Marine Court was duly served by the plaintiff, as constable, on the 19th of May, 1856? because, if such was the case, it is conceded that the proceeds of the property attached, and applied to the payment of executions delivered to the defendant, as sheriff, after that day and prior to the 26th of May, were more than sufficient to pay the amount of the judgment recovered in the Marine Court on the return of the attachment. The return of the constable is in the following words, endorsed on the writ:

"By virtue of the within attachment I did, on the 19th day of May, 1856, attach and take into my custody the goods and chattels of the defendant within named, and an inventory of which the annexed is a copy; and immediately on the same day, *because I could not find the defendant*, I left a copy of said attachment and

inventory with a person, in whose possession I found the goods and chattels of the defendant, at No. 252 Washington street in the city of New York."

The 36th section of the Non-imprisonment Act (Laws of 1831, 396; 2 R. S. (4th ed.) p. 461, § 213; also p. 432, § 29,) directs that the attachment shall be executed by the constable to whom it is delivered, by attaching and taking into his custody such of the goods and chattels of the defendant as shall be sufficient to satisfy the plaintiff's demand, immediately making an inventory of the property seized, and leaving a copy of the attachment and of the inventory, certified by him, at *the last place of residence* of the defendant; and if the defendant can be found in the county, such copy shall be served upon him personally, instead of leaving it at his last place of residence. But if the defendant has *no place of residence in the county* where the goods and chattels are attached, and cannot be found therein, such copy and inventory shall be left with the person in whose possession the goods and chattels shall be found.

It appears that the attachment under which the plaintiff claims, was issued against the property of one James Crawford upon the application of one James L. Butler, a creditor, and was founded on the affidavit of Butler and others tending to show that Crawford had made a colorable sale of his property contained in his store and place of business No. 252 Washington street, with intent to defraud his creditors. That after diligent search for him by Butler for 48 hours, by sending and going to his residence No. 54 First street in this city, he had been unable to find him; and Butler's belief was that Crawford kept himself concealed to avoid his creditors, and to avoid service of process. This was sworn to two days prior to the issuing of the attachment.

The facts thus stated rendered the duty of the plaintiff, as constable, in executing the attachment, very plain and simple. After taking the goods and chattels into his possession, and making an inventory thereof, he was to make diligent inquiry for the defendant Crawford, and if he *could not be found* in the county, *then*

leave a certified copy of the inventory and attachment at *his place of residence* No. 54 First street, and in the official return of the proceedings under the attachment he should have specified the manner in which it was executed, and, in addition, specifically stated whether such copy was or was not personally served on the defendant named in it. Laws of 1831, p. 396, § 36.

Now it is quite clear, from the plaintiff's return, that the attachment was not served in the manner required by law, nor was the return sufficient to authorize Butler to proceed to trial before the justice upon the return day of the attachment. Ib., § 38; *Cook* v. *McDoel*, 3 Denio, 317. It is true, the justice acquired jurisdiction to proceed to trial and judgment on that day by the defendant Crawford voluntarily appearing, but that act could not make an incomplete service of the attachment perfect in law as against prior executions, already levied by the defendant in this action, in favor of other creditors. *Horton* v. *Hendershot*, 1 Hill, 118. Although the judgment was valid, yet the plaintiff, as constable, acquired no other right to the property than such as a legal service of the attachment would have given him, (*Homan* v. *Brinkerhoff*, 1 Denio, 184; *Barnes* v. *Harris*, 4 Comst. 374); and, as we have seen the attachment was not served in the manner required by the statute, he acquired no right to the possession of the property, nor any right of action respecting it. It is the *service* of the attachment which places goods taken under it in the custody of the law, and creates a valid lien, which a subsequent execution cannot remove. *Van Loan* v. *Klane*, 10 John. 129.

Judgment affirmed.