## MARSHALL *a.* CANTY.

*New York Common Pleas; General Term, March,* 1862.

ATTACHMENT IN JUSTICES' COURTS.—JURISDICTION.—CONSTABLE'S
RETURN.

Before a justice of the peace, or a district court of the city of New York, can ac-
quire jurisdiction to proceed to trial in an action commenced by warrant of at-
tachment, the return of the officer serving the attachment must show a strict
compliance with the statute: especially where the defendant has not appeared.

In cases of attachment issued out of a justice's court, or district court of New
.York, service of the attachment and inventory upon a person in charge of the
property attached is insufficient, unless it appears affirmatively that the defend-
ant has no place of residence within the county.

Appeal from a judgment of a district court in the city of
New York.

This action was brought by George Marshall against John
Canty, in the district court, in the city of New York, for the
Eighth Judicial District, upon a promissory note for $67.70.
The plaintiff obtained an attachment under the act abolishing
imprisonment for debt and to punish fraudulent debtors.

The constable who received the attachment, seized the stock
and fixtures of a liquor store, and a quantity of wines, liquors,
cigars, beer-pumps, and bottles; and on returning the attach-
ment, indorsed on it the following certificate:

"By virtue of the within attachment, I attached and took into
my custody the goods and chattels of the defendant, mentioned
in an inventory hereto annexed, on the 6th day of September,
1861; and immediately on the same day I made a copy of said
attachment and inventory of the property so seized, and served
a copy of said attachment and inventory of the property, duly
certified by me, on the brother of the defendant, James Canty,
the person in charge of the said goods, because the defendant
could not be found in the city and county of New York, that
place being the last place of residence of the said John Canty,
in this county."

On the return of the attachment, the defendant did not appear; whereupon a summons was taken out, which was returned to the court with the certificate of the constable, as follows:

" The within-named defendant, John Canty, is not to be found in the county."

The plaintiff proved the indebtedness upon the note in suit, the defendant not appearing; and judgment was rendered for the plaintiff for the amount claimed.

The defendant now took an appeal from this judgment.

*Samuel B. Logan*, for the appellant.—The statute expressly declares that the return must state that due diligence has been made to serve the defendant, which is not stated here. Nothing can be inferred in support of the proceeding, that does not affirmatively appear by the return. It does not even appear when the summons was delivered to the officer.

*Gideon L. Walker*, for the respondent.

By the Court.—Hilton, J.—This action was commenced by attachment, under the authority contained in section 20 of the District Court Act of 1857 (1 *Laws of* 1857, 713, ch. 344, § 20), which applies to these courts all laws relating to attachments issued by justices of the peace. The constable returned that he served a copy of the attachment and inventory of the property seized, upon the brother of the defendant, " James Canty, the person in charge of the said goods, because the defendant could not be found in the city and county of New York, that place being the last place of residence of the said John Canty in this county."

The law requires that the officer executing the process " shall immediately make an inventory of the property seized, and shall leave a copy of the attachment and of the inventory, certified by him, at the last place of residence of the defendant; but if the defendant have no place of residence in the county where the goods and chattels are attached, such copy and inventory shall be left with the person in whose possession the goods and chattels are found." (2 *Rev. Stat.*, 231, § 31; same stat., 5 ed., vol. 3, 431, § 29.) But if the defendant can be found in the county, the copy shall be served upon him personally, and the

return of the officer shall state specifically whether the copy was or was not personally served. (*Laws of* 1831, ch. 300, § 36; same stat., 3 *Rev. Stat.*, 5 ed., 463, § 218.)

The return made was defective, in not showing that the constable had complied with these provisions. It does not appear from it that the defendant had no place of residence within the county; but, on the contrary, it would seem to be inferred from it that he had; nor does it specifically state whether the copy of the attachment and inventory, was or was not personally served. The warrant of attachment is an extraordinary process of these courts, and before a justice can acquire jurisdiction to proceed to trial in an action thus commenced, the return of the officer must show a strict compliance with the statute. (Watts *a*. Willett, 2 *Hilt.*, 212; Barnes *a*. Harris, 4 *N. Y.*, 374.) And especially is this essential where, as in the present case, there has been no appearance of the defendant. (Stewart *a*. Smith, 17 *Wend.*, 517; Wheeler *a*. Lampman, 14 *Johns.*, 481.) It is a regular return only, showing that the property has been attached (3 *Rev. Stat.*, 5 ed., 463, § 220), that can give jurisdiction in such a proceeding, and will authorize the justice to issue a summons, and proceed to a hearing of the cause in the absence of the party proceeded against.

For aught that appears in this return, the defendant had a place of residence in the county; and if this was so, then the copy of the attachment and inventory should have been left there, instead of serving them upon the person in charge of the goods seized. It is only where the return shows affirmatively that the defendant had no such place of residence, that the statute permits the substituted service to be made.

Judgment reversed.