## Jean O'Hara vs. Michael McEnny.

1. A writ of attachment issued from a Justice's Court must be served by seizing the goods of the debtor and by leaving a copy of the writ and inventory with the defendant, if he can be found in the county; if not so found, such copies must be left at his last place of residence if there be any such place in the county, and if not, then by leaving the same with any person in whose possession the goods may be found; and unless the copies are served in one or the other of the modes indicated, the Court acquires no jurisdiction over the defendant.

2. Where in an attachment proceeding the goods were seized, but no such service was made as to give the Court jurisdiction over the person of the defendant, and on the return of the writ the Justice continued the cause to a future day, and the defendant appeared before the Justice prior to the adjourned day and demanded trial, *Held*, that such appearance was a waiver of service of process, and that the defendant, thereby subjected his person to the jurisdiction of the Justice.

*Washtenaw Circuit, March, 1871.*

This case comes up from Justice's Court on *certiorari.*

The defendant in error sued out a writ of attachment against the goods and chattels of the plaintiff in error. The Constable who executed the writ made the following return:

"By virtue of the within attachment, I, Orin A. Wait, on the 27th day of June, 1870, seized the goods and chattels of the defendant, mentioned in the inventory, of which the annexed is a copy; and I further return that no one could be found in whose possession the said goods and chattels were, and that no person could be found at the last place of residence of the within named defendant with whom to leave a copy of the writ and inventory hereto annexed.

Dated July 8th, 1870.                    O. A. WAIT,
                                          Deputy Sheriff."

The writ was returnable July 8th, 1870, at one o'clock P. M., at which time the plaintiff, by his attorney, appeared and filed his declaration, and thereupon, the defendant not appearing, the Justice entered an order adjourning the cause until the 12th of August,

O'HARA vs. McENNY.

1870, at one o'clock P. M. July 26, 1871, the defendant, by A. E. Hewett, entered his appearance and requested a trial, pursuant to § 3685, *C. L.*, which provides that, "If the attachment shall not be personally served upon any of the defendants, and none of the defendants shall appear on the return day thereof, the Justice shall continue the cause for not less than thirty, and not exceeding ninety days; and in such case, no hearing shall be had or judgment rendered thereon, until the expiration of that time, unless the defendant shall sooner appear and request a trial; in which case the Justice shall appoint a day for the trial of such suit, and cause notice thereof to be given to the plaintiff."

The appearance of the defendant was in writing, addressed to the Justice, notifying him of his, Hewett's retainer, and demanding an immediate trial. No question is raised as to Hewett's authority to appear for the defendant. On filing the defendant's notice and demand for trial, the Justice notified the parties that the cause would be tried July 28th, 1870, at one o'clock P. M. July 28th, the case was called, and the plaintiff appeared by his attorney, G. R. Palmer, and the defendant by his attorney, A. E. Hewett, who moved to have the cause dismissed, assigning as grounds for his motion, the following:

"1. The officer's return on the original writ does not show that the writ was ever served on the defendant, either personally or otherwise, as per sections 27 and 28, of chapter 117, of the *Compiled Laws* of Michigan.

"2. That the writ of attachment was never served on the defendant personally, nor was it left at the last place of residence of the defendant, nor was it left with the person in whose possession the goods were found, but that the copy of said writ was delivered over to the Justice by the officer whose duty it was to serve said writ."

The motion was overruled, and on motion of the plaintiff's attorney the cause was adjourned until the 12th of August next following. August 12th the plaintiff appeared, and defendant not appearing, plaintiff proceeded to prove his claim, and took judgment for $60 and costs.

O'HARA vs. McENNY.

The refusal of the Justice to dismiss the cause for want of jurisdiction is assigned as error.

*A. E. Hewett*, for Plaintiff in Error.

*G. R. Palmer*, for Defendant in Error.

*By the Court*, BROWN, J.—The statute requires the officer serving the attachment to serve a copy of the writ and inventory upon the defendant if he can be found in the county; if not so found, to leave such copies at the last place of residence of the defendant, if there be any such place in the county, and if not, then by leaving the same with any person in whose possession the goods may be found. *C. L.*, § § 3679, 3680.

If the defendant could be found in the county it was the duty of the officer to make personal servive; if he could not be so found that fact should appear in the return. The return shows, by implication at least, that there was such a place as defendant's last place of residence within the county. If then personal service could not be had by reason of the defendant's absence, it was the duty of the officer to have left certified copies of the writ and inventory at such last place of residence ; and the fact that he could find no person there with whom to leave his papers is no excuse for a non-compliance with the requirements of the statute.

It is clear that the service of these certified copies, in one or the other of the modes required by law, is requisite to constitute a complete and perfect service of the attachment. 2 *Wait's Law & Prac.*, (2d Ed.,) 174. And as there was no personal or substituted service, no jurisdiction was acquired over the person of the defendant by virtue of any act of the officer who attempted to serve the process.

The defendant, by his authorized attorney, caused his appearance to be entered, pursuant to the provisions of § 3685, *C. L.*, and demanded a trial. The plaintiff had already filed his declaration. If the appearance of the defendant was a general appearance he thereby subjected his person to the jurisdiction of the Court. It is well settled that all appearances are to

be taken as general, unless at the time of entering such appearance, the party expressly specifies his appearance to be for some special purpose other than for contesting the cause on its merits. Here the defendant appeared and demanded a trial, thereby presenting an issue on the merits. Whether such appearance conferred jurisdiction over the property of the defendant is quite another question, and one I am not now asked to decide. See *Watt vs. Willett*, 2 *Hilt.*, 212; and see *contra*, 15 *Ohio*, 435.

The Justice was not called upon to order the discharge of the property, but to dismiss the cause. The defendant having subjected his person to the jurisdiction of the Justice, his motion came too late.

The judgment of the Court below must be affirmed with costs.