# THE MICHIGAN NISI PRIUS.

NOVEMBER, 1871.

GEORGE PERCIVAL, *Plaintiff in Error, vs.* WILLIAM H. TUCKER *Defendant in Error.*

Where a constable makes return to a writ of attachment, issued by a Justice of the Peace, that he left a copy of the writ and inventory with the person in whose possession he found the goods, but omits to state whether the defendant has or has not "a last place of residence in the county," the defendant not appearing in the suit, the Justice is not authorized to retain the case; and a judgment rendered against the defendant under such circumstances, will be reversed.

*Van Buren Circuit, August,* 1871.

*Certiorari* to Justice's Court.

A writ of attachment was issued from a Justice's Court, and levied upon the goods and chattels of the plaintiff in error. The return of the officer serving the writ, was as follows:

"By virtue of the within attachment, I, William Mead, on the 26th day of May, 1871, seized the goods and chattels of the defendant, mentioned in the inventory, of which the annexed is a copy, and on the same day I left a copy of the within attachment and of the said inventory, with Cullen Percival, duly certified by me, in whose hands I found the property—not being able to find the said defendant.

WILLIAM MEAD, Constable."

On the return day of the writ, June 3d, 1871, the cause was adjourned until July 5th, 1871.

The defendant not having appeared in the cause, the plaintiff

introduced his evidence, and the Justice thereupon rendered judgment in favor of the plaintiff.

*Foster & Coleman*, for Plaintiff in Error

*Wm. H. Tucker*, Defendant in Error, in person.

*By the Court*, BROWN, J.—Of the nine assignments of error urged as grounds for a reversal of the judgment in this case, it is only necessary to consider the second, which raises the question of the Justice's jurisdiction.

It is well settled that in this class of cases the requirements of the statute must be complied with in order to confer jurisdiction. The statute, §.3680, *C. L.*, provides that, " If the defendant cannot be found within the county, the constable shall leave a copy of the attachment and inventory certified by him, at the last place of residence of the defendant, if there be any such place within the county, and if not, then by leaving the same with any person in whose possession such goods and chattels, moneys and effects, may be found."

The return of the officer shows that the writ was left with the person in whose possession the goods were found. If the defendant could be found in the county the service should have been upon him; if not, then by leaving the writ and inventory at his last place of residence, if there be any such place in the county; if the defendant cannot be found in the county, and if there be no such place as his last place of residence in the county, the officer may serve the writ and inventory upon the person in whose possession the goods were found ; and this latter mode of service can be made legally only when neither of the other modes of service can be effected. This being so, the return of the officer should have shown affirmatively that neither of the first two modes of service could be made. In the absence of such return the Justice was not warranted in retaining jurisdiction. See 18 *Wis.*, 397; 9 *Id.*, 342; 19 *Mich.*, 78; 2 *Hilt.*, 212; 15 *Ohio*, 435; 2 *Wait's Law & Prac.*, (2d Ed.,) 174; 2 *Mich. Nisi Prius*, 164.

The judgment of the Court below must be reversed, with costs to plaintiff in error.