Per Curiam.

The attachment issued under the act of 1808, (sess. 31. c. 204.) and was duly served not only before the execution under which the plaintiff acted, but prior to the judgment on which it issued. The act directs the constable serving the attachment, to take and safely keep the goods, to satisfy such judgment as may be rendered in favour of the creditor, and to remove the goods, on receiving security, that they shall be produced to satisfy any execution which may be issued on such judgment. The service of the attachment seems, then, to place the goods in the custody of the law, or, at least, to create a valid lien which the subsequent execution in another suit cannot remove. If the attachment has not this effect, what is to become of the security which the constable is to take ? and shall the bond be deemed forfeited when the law permits an execution in another case, and without any pretension to priority, to seize and appropriate the goods ? If the service of the attachment be not a. lien, the proceeding is useless, for it may, at any time, be defeated by the debtor, by confession of judgment to another creditor; and it would be the greatest injustice to enforce the forfeiture of the bond when the law permits the property to be seized in the hands of the security. The test of the execution, though prior to the attachment, cannot make that process overreach and defeat the attachment by relation; for a fiction cannot take away a vested right. Nor can the public suffer any inconvenience from the binding effect of the attachment; for the attachment is to be returned to the justice as speedily as a summons, and the justice is then to proceed immediately in the cause» in like manner as if a summons had been personally served on the defendant.
It accordingly appears to us to be the true construction of the act, that the attachment, if issued at the instance of a bona fide creditor, and in a case warranted by law, creates alien upon the goods, not only against the acts of the debtor himself, but against the,subsequent attachment or the subsequent execution of any other creditor. This lien is no doubt temporary, and will expire if the creditor does not prosecute his suit to judgment and execution *134 with all due diligence. In Con~necticut, an attachinent cannot hc~d the property for more than sixty days ~ffer the judgment. Buel v. Metcalf, Kirby, 40.
Judgment for the defendant.