NEW-YORK,
May, 1818.

SMITH
v.
JONES.

## SMITH *against* JONES.
## THE SAME *against* THE SAME.

IN ERROR, on *certiorari* to a justice's court.

The defendant in error brought two actions in the court below, against the plaintiff in error, for goods sold and delivered, &c. The defendant pleaded, and also produced an account as a set-off. The evidence on the trial was decidedly in favour of a balance against the plaintiff below, except as to three barrels of pot ashes, which, as far as there was any evidence of a sale, appeared all to have been sold at one time, yet the plaintiff in one action claimed for one barrel only, and for the residue in the other. The only evidence of the sale was the confession of the defendant, made five or six years before the trial, but who, at the same time that he admitted the purchase, alleged that he had paid for the ashes, and agreed that if his son *John* did not swear that they had been paid for, he would pay for them. The plaintiff had spoken to the defendant's son *John*, who had since died, on the subject, and he replied that he could swear that all the ashes had been paid for. It was proved that the plaintiff below had, on some occasion, declared, that if the defendant's son *John* was dead, he could get pay for the three barrels of ashes. Verdicts were found for the plaintiff below in both causes.

*Per Curiam.* The only matter in question in these causes, is the three barrels of pot ashes. There is no pretence, from any part of the evidence, that these ashes were sold at different times, or in different parcels ; but the natural and necessary conclusion to be drawn from the evidence is, that it was an entire contract for the whole quantity ; and yet the plaintiff has set up and divided this entire demand into separate suits, which of itself would be a fatal objection to the judgments. But independent of this, there was no proof to sustain the recovery. The same testimony that proved the sale, proved also the payment.

*Margin note:* Where the plaintiff has an entire demand, he cannot divide it into distinct parts, and bring separate actions for each: as, on an entire contract of sale of goods, he cannot maintain an action for one part of the goods sold, and another action for another part.

The defendant's confession that he had purchased the goods, but had paid for them, is not sufficient to entitle the plaintiff to recover in an action for the price.

(3 *Johns. Rep.* 427. 9 *Johns. Rep.* 141.) Besides, the great delay on the part of the plaintiff in bringing these actions, casts a suspicion on the claim; and more particularly as he waited until the witness was dead, from whom he himself had learnt, that he could swear to payment. The judgments must be reversed.

Judgments reversed.