FARRINGTON
v.
PAYNE.

FARRINGTON and SMITH *against* J. PAYNE.

Where there has been a trespass or conversion by one single indivisible act, in relation to several chattels, the plaintiff cannot split his claim for damages, by bringing separate actions of trespass or trover for each particular article seized or converted; and a recovery for one part or parcel, is a bar to an action for another part or parcel.

Where the cause has been once adjourned in a justice's court, by consent, and the defendant then applies for a second adjournment, on account of the want of a material witness ; but does not show that due diligence had been used to obtain the witness, and refuses to disclose who or where the witness was, it is proper for the justice to refuse the adjournment

IN ERROR, on *certiorari* to a justice's court.

This was an action of trover between the same parties as in the preceding case, to which the same justification was pleaded. The cause was adjourned, by consent, and at the adjourned day, the defendants below asked for a second adjournment, and offered to give security, and to swear that they could not safely proceed to trial for want of a material witness ; but they refused to name the witness, or to say where he resided. The justice denied a further adjournment.

The defendants then pleaded, that since issue had been joined in this cause, judgment had been rendered against them in another action, for the same act and subject matter complained of in the present suit. The judgment referred to by the plea, was that in the preceding case between the same parties. On the trial, the same evidence was produced by the plaintiff below, as in the last case, with this addition, that when the defendants below took the three bed-quilts there mentioned, they also took the bed. The proceedings and judgment in the former suit were admitted. A verdict and judgment were given for the defendant in error, for the value of the bed, with costs.

*Per Curiam.* The justice decided correctly in refusing the second adjournment, as there was no proof of due diligence, and as the party refused to explain who, or where, the witness was.

Upon the main question of this cause, we are clearly of opinion, that the judgment in the first suit was a bar to the plaintiff's claim in this action. The only evidence of a conversion was the tortious taking under the attachment. The seizure of the bed, and the bed-quilts which then lay on the bed, was one single indivisible act, and the plaintiff ought not to be permitted to vex the defendants, by splitting up his claim for damages into separate suits for each article so

seized. There is no difference in this respect between the
actions of trover and trespass. In *Smith* v. *Jones*,* the
court decided, that where goods were sold, at one time, on
an entire contract, the vendor could not maintain separate
suits for separate parcels of the goods, so sold and delivered.
There is no reason for a difference in the rule between torts
and contracts. Suppose a trespass or a conversion of a thou-
sand barrels of flour, would it not be outrageous to allow a
separate action for each barrel? The judgment must be
reversed.