WILLARD
v.
SPERRY.

WILLARD *against* SPERRY.

IN ERROR, on *certiorari* to a Justice's Court.

The defendant in error brought an action in the Court below against the plaintiff in error, which was commenced by attachment. The constable, who executed the attachment, merely returned, that he had, by virtue thereof, levied upon certain articles, enumerating them. On the return day the defendant did not appear, and the plaintiff below declared on a promissory note drawn by the defendant for 125 dollars, payable in eight days after date. There were, also, four other attachments, in suits between the same parties; and all the five were returnable at the same time, and the plaintiff declared in all, upon the same note. The five causes were heard *ex parte*, and the Justice rendered judgment in each cause, for 25 dollars, with costs.

*Per Curiam.* The judgment is erroneous. The note forming one indivisible contract, cannot be the foundation of several suits. It is a usurpation of jurisdiction, and a justice might, if this be tolerated, take cognizance of contracts to any amount.

There is, besides, error in the proceedings in regard to the return of the attachment. The 24th section of the *act for the recovery of debts to the value of twenty-five dollars,* enacts, " that it shall be the duty of the constable to attach and keep the goods, &c. and to leave a copy of such attachment at the dwelling house, or other last place of abode of the defendant; and shall return the same to the justice who issued the same, and the manner of executing the same, &c." In this case the return merely states, that the constable had seised the goods, without stating that he left a copy, &c. To bring a defendant in default, so as to justify a trial and judgment *ex parte*, it must expressly appear, that the process of attachment has been served, by leaving a copy at the dwelling-house or other place of abode of the

*Side note:* A plaintiff cannot divide an entire contract for the payment of a sum of money, exceeding the amount cognizable before a justice of the peace, into several smaller demands, and bring a distinct action before a justice for each: and if an entire demand has been divided in this manner, and the justice renders judgment for the plaintiff in each of the actions, all the judgments will be reversed.

A return to an attachment issued out of a Justices' Court, stating merely that the constable had levied on certain goods, enumerating them, is erroneous; it should further be stated, that a copy of the attachment had been left at the dwelling house, or other last place of abode of the defendant.

ALBANY,
January, 1819.

defendant. For aught that appears, he might have left a family, and an attorney to defend against all claims.

On both grounds, therefore, the judgment must be reversed.

Judgment reversed.

The judgments rendered by the Justice, in the other actions upon the same promissory note, were also reversed for the same reasons.