## JONES VS. WEBB and others.

1. EVIDENCE — ADMISSIONS.  When an admission of a party is given in evidence against him, the whole of the admission, that which charges as well as that which explains or discharges, must be taken together.
2. SAME.  Where it is proved that an account was presented to a party for payment, when he admitted that it was correct, but said, at the same time, that he *supposed* that it had been paid long since by another party for him, *held* sufficient proof of the account to authorize a recovery, and that there was nothing in the statement coupled with the admission to justify the inference that the account had been paid.

ERROR to the District Court for *Dane* County. The case is stated in the opinion of the court.

*A. L. Collins*, for plaintiff in error.

*John Catlin*, for defendants in error.

MILLER, J.  The defendants in error brought this action of assumpsit, on book account, for goods sold and delivered, against the plaintiff in error, in the district court for Dane county.   At the trial, a witness was called by the plaintiffs, who testified " that some time in 1842 (before suit brought), he presented at the request of plaintiffs to the said defendant, a bill for merchandise, being the same, or a similar bill, and for about the same amount, and for similar articles exhibited to witness, which bill so presented, the defendant then admitted to be correct, and at the same time said, " he supposed the bill was paid long since, as he had directed William Johnson of Mackinac, to forward to *Webb, Douglass & Co.* (the plaintiffs) a lot of fish in payment."

The defendant's counsel asked the court to charge that " if it is proved to the jury, that the defendant admitted the account of the plaintiffs', and at the same time said, he supposed the account had been paid long since, that the confession unsupported by other evidence is insufficient to maintain the plaintiffs' action, as the entire acknowledgment must be taken as made."   This instruction was refused by the court, for which error is assigned.

It is settled beyond dispute or doubt, that the whole admission of a party must be taken together — but this rule is not violated by the refusal of the court to charge as requested. It is not error in a court to decline to dissect or reason upon a point presented. The court may with propriety, answer the whole point affirmatively or negatively, without even giving a reason for such answer.

Admitting the correctness of an account, and at the same time *positively* saying that it was paid, is not sufficient proof of an admission, or assumption. *Smith v. Jones*, 15 Johns. 229. The same testimony that proved the assumption or claim proved its payment. But in this case, the defendant merely *supposed* the account had been paid, in the manner mentioned, which in the absence of proof of payment in that manner, may be properly considered as an excuse for the delay of payment. There was no error in refusing the instruction asked for and the judgment will be affirmed.