Stone *v.* Miller.

## STONE *vs.* MILLER and others.

The rule applicable to all inferior and limited tribunals is, that their jurisdiction is never presumed, but on the contrary must be alleged and proved. When the jurisdiction of the court or officer is made to depend on the return of process in a given form, or proof of a particular fact, and the return is not substantially in the form prescribed, or the fact is not proved, the court or officer does not acquire jurisdiction, and the proceedings are utterly void.

Where a justice of the peace acquires jurisdiction to issue an attachment under section 32 of the non-imprisonment act, against the property of a defendant, on the ground of the latter being a non-resident, and issues the same, a constable seizing property of the debtor thereon, and subsequently levying upon it by virtue of an execution issued in the attachment suit, will, by such seizure and levy, acquire—if his return to the attachment be not defective—such a special property in the goods as will enable him to recover their value, against any person illegally appropriating them.

But an attachment, and levy by virtue thereof, cease to bind the goods, and consequently the title of the officer levying determines, when a judgment is recovered, and a levy made, on the same goods by virtue of an execution issued in the suit.

After a levy upon the execution, the officer holds the goods by virtue of it,

Stone *v.* Miller.

and not by virtue of the attachment; except so far as the priority of levy on the attachment enures in favor of the execution.

In cases of non-residents, an attachment issued against property, together with the inventory, must be served by leaving copies with the person in possession of the goods.

And it must appear, from the officer's return, that the attachment was served in that manner; otherwise the service will be defective, and the justice will lose his jurisdiction, by reason of such omission.

The levying of an attachment issued against property is a proceeding *in rem*, and it is complete when the levy, and a proper return, are made.

The subsequent proceedings to obtain judgment depend, for their validity, on that of the proceedings under the attachment; and a creditor who, subsequent to the attachment, acquires a lien upon, or interest in, the property has a right to insist that the prior attaching creditor shall show a valid right to appropriate the property.

This the prior creditor can only do by showing his proceedings to be in conformity to the requirements of the statute. If he fails to do this, he cannot hold the property, against a subsequent attaching creditor.

It is a universal rule that when the defendant, in any proceedings, has never been personally served, nor appeared, and there is a defect in jurisdiction, it is fatal, and can be taken advantage of by any person interested in, or affected by, them. *Per* MULLIN, J.

THIS was an action brought by the plaintiff against the defendants, for the taking and conversion of certain personal property which the plaintiff had levied upon as constable, upon executions issued by a justice of the peace, against the goods and chattels of one Garret Van Koughnet.

On the trial, at the circuit, the plaintiff was nonsuited; and upon a case and exceptions he now moved for a new trial.

The facts are stated in the opinion of the court.

*J. M. Muscott*, for the plaintiff.

I. The plaintiff had such a special property in the goods, by virtue of his levy under the attachment, as entitled him to maintain the action against any persons intermeddling therewith, who had not a superior title.

II. Upon the merits, a clear cause of action was established on the trial. The plaintiff's prior custody and pos-

session of the property under his levy, the divesting of it from him while in such custody and possession by the defendants, and every other material fact necessary to a recovery, was fully proved. The only point made on the trial, is as to the sufficiency or validity of the attachment papers.

III. The only point made upon those papers is, that the plaintiff's return of service indorsed upon the attachment, is "insufficient to confer jurisdiction on said justice to entertain any further proceedings in said attachment suits."

IV. The return of service of the attachment indorsed thereon, is in strict conformity to the requirements of the statute pointing out the mode of service. Those requirements are found in *Laws of* 1831, § 36. 2 *R. S.* 234, §§ 31, 35. 3 *id.* 563, § 36, *5th ed.* 1. The officer returns, as section 36 requires : 1st. That he seized the property and made the inventory the same day. 2d. That the defendant could not " be found in the county." 3d. That the copy, attachment and inventory was " not personally served." 4th. He then (as required by 2 *R. S.* § 31,) left a certified copy of the attachment and inventory " at the last place of residence of the defendant." His return of service, therefore, contains every fact which he is required or authorized by law to state therein ; and had he stated any matter or facts therein, other than those already appearing therein, his return, *quoad hoc,* would be no legal evidence of these facts, and would be disregarded by the court. 2. In one case only is the officer required to state any facts in his return additional to the above, and that is where the defendant is not personally served—and cannot be found in the county—and has no place of residence therein—and finds the property in the possession of a third person—then he is to leave with that person a copy of the attachment and inventory, and in that event, his return of service should doubtless show that he had so left

Stone *v.* Miller.

the copy. But this last case is the exception. The general rule is otherwise, and the onus of showing property in the possession of the third person, and thus to overthrow the officer's return for omitting to state he had left the copy with that person, lies with the defendants here. That return is silent as to whether or not the possession of the property was or was not in a third person, and the statute not requiring him to state, in his return, how that fact is, (except he finds the property in the possession of the third person,) this court, in the absence of evidence, cannot presume, as matter of law, that the property was in the possession of a third person, and the return therefore insufficient, for omitting to show a copy attachment and inventory left with that person. The most that can be said by these defendants is, that there is no presumption of law as to that fact, either way. (*Barnes* v. *Harris*, 4 *N. Y.* 374, 377, 388, *and cases cited.*) 3. As the statute nowhere requires the officer to return the negative fact, viz., that the property was not found in the possession of any person, in order to give the justice jurisdiction to proceed in the cause; and as the justice had no right to presume from the return before him, as matter of law, that the property was found in the possession of a third person, the return was ample and complete to confer jurisdiction upon the justice, and would be sustained by this court upon appeal directly brought to test the sufficiency of the proceedings. 4. That these negative averments of the officer are not required to be stated in his return in cases like this at bar, except where expressly required by statute to appear in the return, is apparent from the following considerations and decisions: 1st. From the object and purpose of the statute itself. (2 *R. S.* 231, § 31. *Laws of* 1831, § 36.) 2d. From the very terms of those sections. 3d. From similar statutes touching the jurisdiction of justices' courts, and decisions of this court thereon. See as to service of summons, 2 *R. S.* 228, §§ 15, 16; *Legg* v.

---

---

*Stillman,* 2 *Cowen,* 418, *and cases cited* ; *Bromley* v. *Smith,* 2 *Hill,* 517, 519 ; *Hoose* v. *Sherrill,* 16 *Wend.* 36 ; *Hart* v. *Seixas,* 21 *id.* 47, 48 ; 1 *Sandf.* 92.    4th. No precedent can be found in any book, of any form, wherein the officer states, in his return, the negative averment, " that the goods and chattels attached were not found in the possession of any person, therefore I left no copy of the attachment and inventory ;" nor is there any reported decision requiring it.

V. The affidavit of the plaintiff Riggs, for the attachment, shows Van Koughnet, the defendant in the attachment, to be a non-resident of the county, and the officer's return shows that " he could not be found in the county," and that the copy attachment and inventory "was not personally served," that the defendant had had a place of residence in Lewis county, and owned a farm there, and that he attached, at least, a portion of the property on that farm.    The return of the officer that he left a copy, &c., " at the last place of residence of the said defendant," though perhaps not necessary to the validity of his return, was very proper and strictly true ; and if not required, could not prejudice the proceedings.

VI. The officer having returned upon his attachment every fact he was required to return, the 38th section of laws of 1831 provides, if " it appears by the return that property was attached," and " that a copy of such attachment and inventory was not personally served," &c., then upon a compliance with the provisions of that section, " the justice shall proceed to hear and determine the cause," &c., which he has regularly and legally done.

VII. The return of the officer, upon the attachment, being sufficient to confer jurisdiction upon the justice to proceed and render judgment, the nonsuit for the alleged insufficiency of the return was improperly granted.

VIII. But the offer to prove that the attached goods and chattels were not found by the officer in the possession of

any person, was clearly competent, and its rejection was error. For the purposes of this bill of exceptions, the fact proposed to be proved will be deemed taken as true, and, if true, it shows the absurdity of requiring the officer to state anything in his return, on that point.

IX. The affidavit on which the Johnson attachment issued, was insufficient to authorize the issuing of that attachment, and the ruling upon that point was error.

X. The affidavits on which the Thompson attachment issued, were insufficient to authorize the issuing of that attachment, and the ruling upon that point was erroneous.

*C. D. Adams,* for the defendants.

I. Attachments in justices' courts are special statutory proceedings (*in rem* when not personally served) in a court of limited jurisdiction, and unless the proceedings are conducted (in such a case as this) in precise accordance with the statute, such proceedings fall like any other special statutory proceedings badly conducted. 1. These were short attachments, and were applied for on the ground that the defendant was a non-resident. They could issue on no other ground. (2 *R. S.* 462, § 215, *5th ed.*) 2. These attachments were not served according to law; there was no return of them before the justice sufficient to give him jurisdiction to proceed farther in the action. (3 *R. S.* 463, § 218, *5th ed. Id.* 431, § 29.) The defendant being a non-resident, the copy attachment and inventory could only be served by leaving them with the person in whose possession the property was found. 3. The summons were issued and judgments rendered, therefore, without jurisdiction. (3 *R. S.* 463, §§ 220, 221, *5th ed.*)

II. The Supreme Court attachments gave the deputy sheriff a lien on this property, and authorized him to retain the same. The sufficiency of these attachments can-

not be questioned, issuing as they do from a court of general jurisdiction. The sufficiency of the affidavits, in such a case, is not a jurisdictional question. (1 *Abb. Dig.* 320, § 175, *and cases there cited.*)

*By the Court,* MULLIN, J. The plaintiff proved, on the trial, that he was a constable of the county of Lewis, in November and December, 1860. In November of that year one Riggs applied to a justice of the peace of said county for an attachment, under section 34 of the act to abolish imprisonment for debt, against one Garret Van Koughnet, on a demand arising upon contract. The ground of the application was that Van Koughnet was a non-resident of the county of Lewis. A bond was given as required by the act; an attachment was issued and delivered to the plaintiff, who subsequently made return thereto as follows: "By virtue of the within attachment I did, on the 22d of November, 1860, attach and take into my custody the goods and chattels mentioned in an inventory of which the annexed is a copy, and immediately, on the same day, I made an inventory of the property seized, and because the defendant could not be found in the county of Lewis, I left a copy of the within attachment and of the said inventory, duly certified by me, at the last place of residence of the said defendant. Said copy of attachment was not personally served on said defendant."

The service was made on the 22d of November. On the 26th, the defendant not appearing, the justice issued a summons against Van Koughnet, returnable on the 28th. This summons was returned that the defendant could not be found, after diligent search. On said last mentioned day, the defendant not appearing, the plaintiff Riggs proved his demand, and a judgment was rendered against Van Koughnet, and subsequently an execution was issued thereon, which was delivered to the plaintiff and by him levied on the property seized on the attachment. Such

levy was made on the 28th of November. On the 6th of December, the defendant in this suit procured an attachment from the county judge of Lewis county, in an action then pending in the Supreme Court, against the property of said Van Koughnet, which was levied on the same day by the special deputy of the sheriff, on the same property seized by the plaintiff in this suit, and the defendants caused the said property to be removed from the custody of the plaintiff to a place designated by them. The plaintiff afterwards demanded the property by virtue of the execution, which being refused, this action was brought.

On the trial the plaintiff was nonsuited, on the ground that he did not, in his return to the attachment, state that he left a copy of the attachment and inventory with the person in whose possession the property attached was found. The plaintiff offered to prove that the property was not found in the possession of any person, which evidence was rejected.

The only question arising on this appeal is, whether the justice issuing the execution, by virtue of which the plaintiff claimed the property, did not lose jurisdiction by reason of the omission of the officer to make the return above mentioned. It cannot be doubted but that the justice acquired jurisdiction to *issue* the attachment in favor of Riggs; nor but that the plaintiff, by virtue of the levy thereon, acquired, if his return was not defective, such a special property in the goods as would enable him to recover their value against any person illegally appropriating them. (*Van Loan* v. *Kline,* 10 *John.* 129. 12 *Wend.* 153.) But the attachment and levy, by virtue thereof, cease to bind the goods, and of course the title of the officer levying determines when a judgment is recovered and a levy made on the same goods by virtue of an execution issued thereon. (*Sterling* v. *Welcome,* 20 *Wend.* 238.) The object of the attachment is to seize and hold the goods until the creditor shall have had oppor-

.tunity to try the question of indebtedness with his debtor, and to obtain an execution upon the judgment, if one is rendered in his favor. After the levy on the execution, the officer holds the goods by virtue of it and not by virtue of the attachment, except so far as the priority of levy on the attachment enures in. favor of the execution. The validity of the attachment, and of the levy thereon, does not entitle the plaintiff to recover in this case, because when the defendants caused the property to be seized, the plaintiff held by virtue of the levy on the execution. The defendants were not mere strangers; they were creditors of Van Koughnet, and rest their right to the property on attachments issued in an action in this court, and their title is not impaired by reason of defects, if any, in the proceedings to procure the attachment. The court having jurisdiction of the subject matter, defects, if any exist, are amendable, and do not render void the proceedings.

Let us now proceed to inquire, 1st. Whether the return of the plaintiff to the attachment was defective; and, 2d. Whether such defect deprived the justice of jurisdiction, and thereby rendered void the execution and levy thereon.. The attachment on which the plaintiff relies was issued under the 32d section of the non-imprisonment act, and on the ground that the plaintiff was a non-resident of the county. By section 36 of the same act it is provided that the attachment issued by virtue of said act shall be served in the manner provided for the service of attachments under *title* 4, *article* 2 *of chapter* 2, *part* 3 *of the Revised Statutes.* By sections 29, 30 of the title referred to, it is provided that the constable shall execute the same by attaching and taking into his custody such part of the goods of the defendant as shall not be exempt from execution, and as shall be sufficient to satisfy the plaintiff's demand; make an inventory thereof, and leave a copy of the attachment and of the inventory certified by him, at the last place of residence of the defendant; but if the de-

Stone *v.* Miller.

fendant has no place of residence in the county where the goods, &c., are attached, such copy and inventory shall be left with the person in whose possession the goods, &c., are found. Section 36 of the non-imprisonment act provides that if the defendant can be found in the county, the copy of the attachment and inventory shall be served on him personally, and the return shall state specifically whether such copy was or was not personally served on the defendant. Section 37 of said act declares that if the attachment, issued in one of the cases provided for in said act, is personally served, the justice, on the return day, shall proceed to hear and determine the cause in the same manner as upon a summons returned personally served. But if (§ 38) the attachment and inventory are returned not personally served, and the defendant does not appear, the plaintiff may take out a summons against the defendant, and if such summons be returned that the defendant cannot be found after diligent inquiry, the justice shall proceed to hear the case as upon a summons returned personally served.

The plaintiff established, by his affidavit, to the satisfaction of the justice, that Van Koughnet was a non-resident; he could not, therefore, have a residence in said county. The plaintiff probably did not know upon what ground the attachment was issued, and did not know, officially, that Van Koughnet was a non-resident. But on the facts before us we must assume that when he went into the neighborhood where Van Koughnet had formerly resided, to inquire for him, he ascertained that he was not a resident of the county; at least we must presume that he ascertained that he had not then a residence in the county, and thus the case arose in which the statute required the copy of the attachment and inventory to be left with the person in whose custody the goods were found. This was not done; the service was therefore defective. It is true that the statute permits the officer to

Stone *v.* Miller.

serve the attachment by leaving a copy at the last place of residence of the debtor, and he is not bound to leave copies with the person in whose possession the goods are found, except when the defendant has no place of residence in the county, and that it is left to the officer to determine which mode of service he will adopt, and having taken one, the argument is, that the facts did not exist which justified the other. But we must have regard to the subject matter of the statutes, in construing them. We are dealing with an attachment issued under the non-imprisonment act. That act authorizes an attachment to issue on proof of non-residence. Non-residence was not ground for issuing an attachment under the Revised Statutes in force when the non-imprisonment act went into operation. Under the Revised Statutes, an attachment might issue against a debtor who had departed or was about to depart the county, or kept himself concealed therein, with intent to defraud his creditors. Such a debtor might well have a residence in the county; at least he could have a last place of residence, at which copies of attachment might be left. But in the case of a man who had openly and publicly removed from the county, into another, in which he became a resident, it would be absurd to say that the legislature intended to permit service to be made upon him by leaving papers at his last place of residence. To permit such a mode of service against a non-resident, would lead to the grossest abuses. It seems to me, therefore, that in cases of non-residents the attachment, &c., must be served by leaving them with the person in possession of the goods. But it is asked how the officer is to determine whether the defendant is a non-resident or absconding debtor? I answer, 1st. From the affidavit on which the process issues; 2d. By finding or failing to find the residence of the debtor in his county. If he find none, then he serves by delivering to the person in possession of the goods; if he find a residence, he

serves by leaving the copies there. There is no risk incurred by the officer. The rules prescribed for the service are plain and intelligible, and easily complied with. The return of the plaintiff in this case designates the place where he left the copies of the papers, as the late residence of the debtor, showing quite clearly that it was not his residence at the time of the service.

It is further urged, in support of the return, that it is not to be presumed that the property was found in the possession of any person, and if not in some one's possession the officer could not serve the attachment otherwise than by leaving it at the last place of residence. Part of this property attached was found in a barn, and another part in an uninhabited dwelling, if I recollect the evidence correctly. It was shown that the goods were not in the actual possession of any person, that is, no one lived on the premises on which they were found. Title to real estate draws after it the right to the possession, and the one entitled to the possession of the soil is to be deemed in the actual possession for all the purposes of protecting the property when the right of action rests on possession. The possession in such a case is said to be a possession in law, as distinguished from possession in fact. (*Jacob's Law Dic. tit. Possession.*) So the owner of personal estate may sue for an injury to it, although it has never been in his possession. The bailee entitled to the possession merely may also sue; so may the finder. (1 *Chitty's Pl.* 167, 168.) The owner of the premises on which the property was stored was in possession of it, and entitled, on such possession, to resist a mere wrongdoer. But naked possession, without any interest in, or right over the property, is all that the statute requires, in order to make it the duty of the constable to serve on the one thus having the possession. There must have been some person who was in the possession of the goods, and whoever that was, it was the duty of the officer to serve on him; and not

having done so, it seems to me that the service of the attachment was not in accordance with the statute.

Let us next inquire what effect, if any, this defect in the service and return had on the lien of the attachment and subsequent proceedings before the justice. The rule applicable to all inferior and limited tribunals is, that their jurisdiction is never presumed, but on the contrary, must be alleged and proved. When the jurisdiction of the court or officer is made to depend on the return of process in a given form, or proof of a particular fact, and the return is not substantially in the form prescribed, or the fact is not proved, the court or officer does not acquire jurisdiction, and the proceedings are utterly void. (*Cleveland* v. *Rogers*, 6 *Wend.* 438. *Miller* v. *Brinkerhoff*, 4 *Denio*, 118. *Willard* v. *Sperry*, 16 *John.* 121. *Vosburgh* v. *Welch*, 11 *id.* 175. *Davis* v. *Marshall*, 14 *Barb.* 96. *Adkins* v. *Brewer*, 3 *Cowen*, 206. *Bigelow* v. *Stearns*, 19 *John.* 39, *and cases cited in dissenting opinion of Bronson, J., in Hoose* v. *Sherrill*, 16 *Wend.* 36.)

By the 38th section of the non-imprisonment act, it is provided that if, at the return day of the attachment, it shall appear by the return that property was attached, and that a copy of the attachment, &c., was not personally served, the justice may issue summons, &c., and on the return of the officer enter judgment. It cannot appear that property is attached unless the attachment has been served, and returned as required by the statute. Unless property is shown to the justice to have been attached, he has no right to proceed to issue further process, to enter judgment or to issue execution.

It only remains to inquire whether the defendants were precluded from asserting the illegality of the proceedings in this action brought against them, or in other words, whether they are voidable merely, and only subject to correction on review of the proceedings before the justice, or void and assailable in a collateral action. It would be an

Stone *v.* Miller.

endless labor to enter into an examination of the cases with a view to reconcile the conflict between the courts of England and America, and between the decisions of the same court, in both countries. I think it will be found to be a universal rule, that when the defendant in the proceedings in controversy has never been personally served, nor appeared, and there is a defect in jurisdiction, it is fatal, and can be taken advantage of by any person interested in or affected by them. When the service is personal, it has been held, in one or two cases, that if the defendant does not appear he loses the right to object to the defect of jurisdiction, in a collateral action. (*Hoose* v. *Sherrill,* 16 *Wend,* 33. *Bromley* v. *Smith,* 2 *Hill,* 517.) And when the party appears and does not object, he waives all objection, and his appearance confers jurisdiction. But in this case there is no personal service to cure defects of jurisdiction. The levying of the attachment was a proceeding *in rem,* and it was complete when the levy and a proper return were made. The subsequent proceedings to obtain a judgment depend, for their validity, on that of the proceedings under the attachment; and a creditor who, subsequent to the attachment, acquires a lien upon or interest in the property, has a right to insist that the prior attaching creditor shall show a valid right to appropriate the property. This he can only do by showing his proceedings to be in conformity to the requirements of the statute. This the plaintiff has not done, and he cannot hold the property against a subsequent attaching creditor.

The judgment should therefore be affirmed.

MORGAN, J., dissented.

Judgment affirmed.

[OSWEGO GENERAL TERM, July 8, 1862. *Bacon, Mullin* and *Morgan,* Justices.]