STEPHEN O'BRIEN, RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANTS.

*Waiver — what acts of an officer amount to a consent to a change of duty or salary — Judgment — extent of the estoppel created by it — Several causes of action arising out of a single contract cannot be made the subject of separate actions.*

On June 30, 1875, the plaintiff was appointed an engineer in the fire department of New York, at a salary of $1,500 per annum, and served in that capacity until October 6, 1875, when an order was made by the board of fire examiners relieving him from duty as engineer and appointing him a machinist in the repair shops, at a salary of three dollars per day. The plaintiff worked in the machine shops from October seventh to and including June 6, 1877, received his monthly pay at the rate of three dollars a day, and signed receipts therefor in full payment for his services.

*Held,* that the conduct and acts of the plaintiff had the force and effect of a consent to vacate the position of engineer and accept that of machinist, and that he could not thereafter claim that he had been wrongfully removed from his position as engineer, and recover the difference between the salaries of the two offices.

The plaintiff was finally discharged from the department in June, 1877. Thereafter he brought an action and recovered therein a judgment of $1,200 against the city, upon the ground that from June, 1877, to January, 1880, he had repeatedly offered to perform the duties of an engineer, but was not allowed· to do so, and that he was thereby thrown out of employment and damaged.

*Held,* that this judgment did not estop the defendant from denying that the plaintiff was entitled to recover the salary of an engineer, during the time for which it was sought to be recovered in this action, brought to recover the difference between his salary as an engineer and his pay as a machinist from October 7, 1875, to June 6, 1877.

That if it did establish that the plaintiff was an engineer during that time, it was a bar to this action, as the plaintiff's claim was an indivisible one and could not be made the subject of separate actions.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court.

*D. J. Dean,* for the appellant.

*C. P. Miller,* for the respondent.

DAVIS, P. J.:

On the 30th of June, 1875, the plaintiff was appointed an engineer of the fire department at a salary of $1,500 per annum, his appointment to take effect on the 1st day of July, 1875. He served in that capacity, and received his salary therefor, until the 6th of October, 1875, at which time an order was made by the board of fire commissioners in the following words:

"Stephen O'Brien is hereby relieved from duty as engineer and appointed a machinist in the repair shops, at a salary of three dollars per day, to take effect at 8 A. M. on the 7th inst."

On the 7th of October, 1875, the plaintiff entered upon his duties as machinist in the repair shops under his appointment to that position, and continued to perform the duties of machinist up to and including June 6, 1877, and received his monthly pay therefor as such machinist at three dollars per day, and gave to the comptroller the receipts contained in the monthly pay-rolls in full payment of such services. During that time he performed no services as engineer. He now brings this action to recover the difference between the salary of an engineer at $1,500 a year, and the pay which he received as a machinist at three dollars a day for the period named, to wit, from the 7th of October, 1875, to the 6th of June, 1877. A verdict for that difference was directed by the court below in his favor.

We are of opinion that upon this state of facts the plaintiff was not entitled to recover. Whatever might have been his rights if he had refused to accept and enter upon the duties of machinist, and insisted that he could not be assigned to such duties or displaced from his position as engineer without removal for cause, after notice and an opportunity to be heard, very different rights arose when he voluntarily accepted the new appointment and entered upon its duties, and received from month to month during the whole period covered by its complaint, the compensation fixed by the order appointing him. The duties of the respective positions were

wholly incompatible. He could not perform both, and there is no pretense that he did. There is no ground for claim or pretense that there was any undertaking that he should be paid the salary of engineer while performing the duties of machinist. For the order appointing him fixed the compensation for the latter, and his monthly receipts given during the entire period in full payment for his services, plainly show that he knew for what service he was being paid, and the compensation affixed to it.

Precisely the same question involved in this case was presented to the General Term of the Superior Court in the case of *Patrick Reilly* v. *The Mayor*, in which it was held, in an elaborate opinion pronounced by SEDGWICK, C. J., that there could be no recovery for the salary as engineer. We fully concur in the views expressed by that court.

The conduct of the plaintiff in accepting the appointment of machinist, entering upon its duties, and continuing to perform them during the whole period for which he now claims the salary of engineer, and receipting for his pay in full from month to month at the rates specified in the appointment, necessarily has the force and effect of a consent to vacate the position of engineer and accept that of machinist at a different and smaller compensation. What his reasons were do not appear and are not material. It is apparent that the duties were essentially different, the one being those of ordinary day labor in the repair shops, and in the other being those of constant readiness and attention, both night and day, to the arduous and exposed duty of an engineer in charge of one of the engines of the department.

The question whether or not the plaintiff was removed, *in invitum* by proper proceedings, from his office is not involved in the case. He had power without such proceedings to surrender the office or abandon or consent to give it up for another and less arduous position at a lower rate of pay, if he chose to do so. His action is equivalent to a voluntary surrender of the place and acceptance of another to which he probably thought himself better adapted. It is altogether too late, after performing the duties of the latter for many months, without attempting or offering to perform the duties of the former, to assert a claim for compensation for services which he did not render.

But the plaintiff relied in this case upon a judgment recovered by him in a former suit against the city, which he insists estopped the city from denying that he held and was entitled to the office of engineer during the period covered by his present claim. That action was based upon the claim that the plaintiff was prevented from performing, from and after the 6th day of June, 1877, the duties of engineer, and that he had repeatedly offered to perform those duties and was not allowed to do so by the commissioners, and that he was out of employment by reason of their refusal to allow him to perform those duties until January 1, 1880. It would appear from the pleadings and judgment-roll in that case that the plaintiff was wholly discharged from the fire department on the 6th day of June, 1877. In that action he recovered a verdict against the city for the sum of $1,200, and he now insists that the mayor is estopped from denying that he was not also an engineer during the period for which he now sues and while he was performing the duties of machinist in the repair shops. We do not think the judgment is entitled to any such effect. But if it be, and it does establish that the plaintiff was an engineer during the whole period antecedent to his discharge, the effect is to establish a bar to any recovery in this action. In that view, his claim for compensation as engineer was an indivisible one and could not be chopped into several causes of action for the purpose of maintaining separate suits.

"The rule is fully established that an entire claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the other, and a judgment upon the merits in either will be available as a bar in the other suits." (*Secor* v. *Sturgis*, 16 N. Y. Rep., 554; *Farrington* v. *Payne*, 15 Johns., 432; *Smith* v. *Jones*, 15 id., 229; *Phillips* v. *Berick*, 16 id., 137; *Miller* v. *Covert*, 1 Wend., 487; *Guernsey* v. *Carver*, 8 id., 492; *Stevens* v. *Lockwood*, 13 id., 644; *Colvin* v. *Corwin*, 15 id., 557; *Bendernagle* v. *Cocks*, 19 id., 207.)

If at the time of bringing the former action the plaintiff had several causes of action arising out of the same contract, it was his duty to have joined them in one suit, and his failure to do so is,

after his recovery in an action for a subsequently accruing portion of the demand, by well settled authority a complete bar to a second suit for the portion of his demand previously accruing. (*Jex* v. *Jacob*, 19 Hun, 105; *Baird* v. *U. S.*, 96 U. S. [6 Otto], 432; *O'Beirne* v. *Lloyd*, 43 N. Y., 249.)

It was error therefore to direct a verdict for the plaintiff.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

Daniels, J., concurred.

Present — Davis, P. J., and Daniels, J.

Judgment reversed, new trial ordered, costs to abide event.