## A. F. BULLARD

v.

## GEO. W. THORPE, MYRON BUCK AND HENRY C. GREENE.

MAY TERM, 1894.

*Writ of prohibition.   Single cause of action cannot be split up.   Justice of the peace.*

1.  If several articles are pledged to secure the repayment of a loan; the right of action which accrues to the pledgor for failure of the pledgee to return the property on demand is entire, and he cannot maintain a separate suit for each article.

2.  A party having a single, indivisible cause of action cannot split it up into several suits, and if he does so for the purpose of giving a justice of the peace final jurisdiction, which he would not otherwise have, and the defendant has no other remedy, a writ of prohibition will issue in the name of the state against the plaintiff, his attorney and the justice.

3.  The writ of prohibition discussed.

Petition for a writ of prohibition to prevent the petitionees from proceeding with certain suits against the petitioner. Returnable to and heard at the May term, 1894, upon petition, answer and proofs. The opinion states the case.

*Dee & George* for the petitioner.

Justices cannot manufacture jurisdiction by dividing an indivisible cause of action, and if they attempt it, may be restrained. High Exrt. Leg. Rem., s. 778.

*M. Buck* for the petitionees.

TAFT, J. This is the first instance in this state, within our knowledge, of a petition for a writ of prohibition. No mention is made of one in our reports and it is first mentioned in legislation in the revision of 1839, when the supreme court was given power to grant one. That provision still exists in R. L., s. 782. The writ may issue if " necessary to the furtherance of justice and the regular execution of the laws." The proceedings to obtain one are regulated by R. L., Ch. 74. The object of the writ in this jurisdiction can be accomplished generally by appeal, exception, or writ of error. One never issues it if there is other adequate remedy. It is an ancient and valuable writ, the use of which in all proper cases should be upheld and encouraged, as it is important to the due and regular administration of justice that each tribunal should confine itself to the exercise of those powers, with which, under the constitution and laws of the state, it has been intrusted. The writ is so ancient that forms of it are given in Glanville (Beames' translation), pp. 56, 97 *et seq*, the first book of English law, written in 1189, and mention is made of it in nearly all the treatises upon the common law, and the early reports. The object and scope of the writ is stated in 3 Bl. Com. 112, as " A writ directed to the judge and parties of a suit in any

inferior court, commanding them to cease from the prosecution thereof, upon a suggestion that either the cause originally or some collateral matter arising therein does not belong to that jurisdiction, but to the cognizance of some other court."

The writ goes against " as well the party and his counsel as the judge himself," 5 Jac. Law Dic. (1st Am. Ed.) 316. If a court has no jurisdiction of a cause, nor of a collateral matter incidental thereto, prohibition is an appropriate remedy, if the party aggrieved has no other relief. The remedy is a liberal one and is not to be applied sparingly. It was so far extended that in Bracton's time, 6 Brac. 245 (Twiss' Ed.), it was said in case an inferior justiciary took jurisdiction of a matter rightfully and a superior court had cognizance of the same matter,

"The superior tribunal ought to be preferred to the inferior, and if (the tenant) has shown to the superior court that he has been impleaded concerning the same thing in an inferior court, a prohibition shall issue on the part of the king that proceedings shall not be taken on that plea in the inferior court,"

In *Quimbo Appo* v. *The People*, 20 N. Y. 531, Selden, J., speaks of the " broad remedial nature " of the writ and says that it

"Was never governed by any narrow technical rules, but was resorted to as a convenient mode of exercising a wholesome control over inferior tribunals. The scope of this remedy ought not, I think, to be abridged, as it is far better to prevent the exercise of an unauthorized power than to be driven to the necessity of correcting the error after it is committed."

The writ does not lie to prevent errors and irregularities in the proceedings, if the matter adjudged is within the jurisdiction of the tribunal. *Taft* v. *Raynor*, 57 E. C. L. 162. It is no part of its office to prevent or correct errors in questions of which the court has cognizance. It is to prevent the unlawful assumption of jurisdiction, and it may be either

jurisdiction of the entire subject matter, or of something collateral or incidental thereto.   It "lies to prevent the exercise of any unauthorized power, in a cause of which the subordinate tribunal has jurisdiction, no less than when the entire cause is without its jurisdiction."   One general ground of prohibition is that though the subject matter of suit is within the proper jurisdiction of an inferior tribunal yet that in some collateral or incidental matter it is proceeding contrary to the common law or some statutory provision.   Thus it would seem if we pursue these principles, that the courts have authority by this proceeding to supervise the execution of the laws, not merely by keeping inferior tribunals within their proper jurisdiction, but also by enforcing a correct execution of the laws, as well the common as the statute law.   Jacob says

"Or if in handling the matters clearly within their cognizance, they (the courts) transgress the bounds prescribed to them by the laws of England     *     *     *     *     *     *     *     a prohibition will be awarded."

Upon the principal points above noted the following cases may be referred to : 5 Jac. L. Dict. 317 ;  *Gould* v. *Gapper.* 5 East 364 ;  *Brymer* v. *Atkins*, 1 H. Bl. 164 ;  *Darby* v. *Sosens*, 1 Term 552 ;  *Leman* v. *Gouety*, 3 Term 3 ;  *State* v. *Hopkins*, Dud. (S. C. Law) 101 ;  *State* v. *Huduall*, 2 N. & McC. (S. C. Law) 424 ;  *State* v. *Ridgell*, 2 Bayley (S. C. Law) 560 ;  *State* v. *Nathan*, 4 Rich. (S. C. Law) 513 ;  *Ex parte Williams*, 4 Ark. 437 ;  *Quimbo Appo* v. *The People*, 20 N. Y. 531 ;  High's Ex. Leg. Rem., Chap. 31.

It has been held that prohibition will not lie if the inferior court has *prima facie* jurisdiction, *i. e.*, if upon the face of the papers the cause is within the cognizance.   It was so held in 29 La. An. 360.   This does not seem to be just, for a plaintiff thereby may be enabled to recover upon a claim, that is without the jurisdiction of a court by framing his declaration showing a cause of action within it.   We think the rule in such cases has been to grant such writs upon

showing by evidence, aliunde the record, that the court had no jurisdiction. In an anonymous case, I. P. Wms. 476, it is said

"A prohibition lies in chancery on affidavit that the matter is out of the jurisdiction; but no affidavit is necessary if on the face of the declaration the matter appears to be out of the jurisdiction."

In a suit for tithes the tenant pleads that the party who sues is not incumbent but that J. S. is. In this case it does not appear that on. the face of the papers that the court has no jurisdiction, " Yet a prohibition must go or else he (the tenant) shall be charged twice for his tithes." *Green* v. *Remilden*, Cro. Eliz. 228. These cases recognize the doctrine that prohibition may lie, if the lack of jurisdiction does not appear upon the face of the paper. It is in. cases in which there can be no appeal that a writ of prohibition is frequently applied for. Justices in a bastardy proceeding allowed an appeal to the general sessions. The latter court denying the motion to dismiss the appeal, were proceeding to try the case when the alleged putative father applied to the supreme court for a mandamus to the sessions to vacate the order entertaining the appeal, or, other remedy. The supreme court holding that there was no appeal, said "It is a case for a prohibition instead of a mandamus. Let the order be made accordingly." *People* v. *Tompkins*, General Sessions, 19 Wend. 154.

One had been tried, convicted, sentenced, and sentence executed. He was subsequently tried, convicted and condemned to death—there being no appeal—for the same offence. A prohibition was granted to restrain the execution, which was confirmed unanimously by the court of appeals. *Ex parte Brown*, 2 Bailey (S. C. Law) 323. A court entered judgment of death for an offence not capital. The error could not be corrected by appeal. The court held that although the cause and person were within the jurisdiction

of the court, that it transgressed the bounds prescribed by law, and granted a prohibition. *State* v. *Ridgell*, 2 Bailey (S. C. Law) 560.

One can conceive of many instances in which the writ may be the only remedy. A justice of the peace takes cognizance of a suit not appealable upon a claim of which he is the absolute owner ; a person convicted of, and sentenced to be hung for, murder, after he has been acquitted of the same offence, his exceptions having failed without his fault ; an inferior court proceeds to execute a judgment, notwithstanding an appeal. What remedy is there in such cases save a writ of prohibition ?

The petitioner has established the substantial allegations of his petition. Stripped of its verbiage the case is this. The petitionee Thorpe pawned to the petitioner nine items of personal property valued at forty dollars, to secure the loan of about twenty-five dollars. That the petitioner has sold—upon due notice—a part of the property and received therefor about the sum of twelve dollars, and that there still remains due him about as much more, which the petitioner Thorpe refuses to pay. That Thorpe, by his attorney Buck, has begun a series of suits in trover for the items of the property so pawned, bringing a separate suit for each item, before the petitionee Greene, a justice of the peace, placing the *ad damnum* in the writ at twenty dollars, so that no appeal to the county court can be had from the decision of said justice Greene. Thus the claim which is an entire one is split up so that the justice can have final jurisdiction of the suits. That this is done to deprive the petitioner of his right of appeal and the county court of its rightful appellate jurisdiction in the matters. That two suits have been brought for the first two items, and that one has been tried ; that said justice upon trial refused the petitioner's plea and proof of the facts herein stated, and the petitioner is put to great and needless expense in procuring bail and defending said suits.

It is clear from the proofs that there were but two con-
tracts in respect to the pawned property, the two valises and
contents being pledged subsequently to the pledge of the
trunks and contents ; but by the arrangement at the time the
valises were left in pledge the whole property became
pledged for all that was due the petitioner from Thorpe.
Whether there was one contract or two is immaterial, so far
as this case is concerned, for the subject matter of the two
suits already brought against the petitioner was embraced in
the first contract.

It is well settled, we think, without a contrary decision,
that a person cannot split up an entire indivisible claim so as
to give a court jurisdiction, that it would not otherwise
possess.   If he do, prohibition shall go.   If he can do so,
a justice of the peace can be given cognizance of causes in-
volving immense sums.   *Girling* v. *Aldas*, 2 Keble 217 ; 19
H. C. 54 ; 1 F. N. Br. 46 ; 2 Rolle's Ab. 280 ; Keilw. 106,
a ; Catchmade's Case, 6 Mod. 91 ; *Hutson* v. *Lowry*, 2 Va.
Ca. 42.

It is often a difficult question to determine whether the
transactions constitute an entire or a divisible contract, but
we think if several items of property are pledged at one
time, for one sum, and no reason exists for a demand of the
several items at separate times, that it is one, entire, con-
tract.

In *Farrington* v. *Payne*, 15 Johns. 432, the defendant
justified under an attachment of one bed and three quilts.
The actions were trover, one for the bed, and another for
the quilts.   The court said the taking

"Was one single indivisible act, and the plaintiff ought
not to be permitted to vex the defendants by splitting up his
claim for damages into separate suits for each article so
seized."

A claim for three barrels of potash was split up, a suit
brought for the price of one, and another for the price of
the other two, and the court say "And yet the plaintiff has

set up and divided his entire demand into separate suits which of itself would be a fatal objection to the judgments." *Smith* v. *Jones*, 15 Johns. 229.

In *Willard* v. *Sperry*, 16 Johns. 121, one note for one hundred and twenty-five dollars was split up into five parts and as many suits brought and *per curiam.* "The judgment is erroneous. The note forming one indivisible contract, cannot be the foundation of several suits. It is a usurpation of jurisdiction, and a justice might, if this be tolerated, take cognizance of contracts to any amount."

In *Colvin* v. *Corwin*, 15 Wend. 557, two actions were brought for lottery tickets, and the defendant admitted that the tickets were delivered to him by two different agents of the plaintiffs at different places and at different times. A judgment in one suit was held a bar in the other, and it is said "The justice of the case also accords with this disposition of it; the splitting up of small demands to multiply suits is strongly discountenanced by this court. It is unnecessary and oppressive." This case was overruled in *Socar* v. *Sturgis*, 16 N. Y. 548, in respect to the construction of the contract, but not the legal rule applicable to the contract if it was an entire one.

But if a demand is split up and a judgment recovered for a part, the legal proposition that a judgment for a part of one entire demand is a conclusive bar to any other suit for another part of the same demand is everywhere inflexibly maintained. *Whitney's Admr.* v. *Clarendon*, 18 Vt. 253; *Morey* v. *King*, 51 Vt. 383; *Burritt* v. *Belfy*, 47 Conn. 323; *Smith* v. *Jones*, 15 Johns. 229; *Farrington* v. *Payne*, Ibid. 432; *Willard* v. *Sperry*, 16 Ibid. 121; *Miller* v. *Covert*, 1 Wend. 487; *Colvin* v. *Corwin*, 15 Wend. 557; *Bates* v. *Quattlebum*, 2 Nott & McC. (S. C.) 205; *Bennett* v. *Hood*, 1 Allen 48.

If A by one act converts one thousand bushels of wheat belonging to B, and valued at one dollar per bushel, can B

maintain an action of trover for each bushel? Would it not be an outrage to allow a separate action for each bushel? No appeal being allowed, is not prohibition the only remedy? It has been held in this state that a plaintiff may waive a part of a claim and recover; that he may demand less than in justice he is entitled to, and thereby confer jurisdiction upon a justice, though the case upon its merits would properly belong to a higher jurisdiction. *Stevens* v. *Pearson*, 5 Vt. 503; *Wightman* v. *Carlisle*, 14 Vt. 296; *Parkhurst* v. *Spauldiug*, 17 Vt. 527. This principle is not involved in the case at bar, for the petitionee Thorpe waives no part of his claim.

It is a common practice in this state to consolidate actions pending in the same court that might have been brought in one.

It was an early doctrine of the common law when several suits on separate contracts were brought and only one was necessary, to award prohibition. In *Girling* v. *Aldas*, 2 Keb. 617, the contracts were several and "per curiam, a prohibition must be awarded, if the causes may be joined in one action they must; and a prohibition was awarded."

" If there be several contracts between A and B at several times for divers sums, each under 40 s. but amounting in the whole to a sum sufficient to entitle the superior court to a jurisdiction, they shall be sued for in such superior, and not in an inferior court which is not of record." 1 Vent. 65, 73; 1 Show. 11.

The fact the court is not one of record, we think immaterial upon the question of jurisdiction. The whole subject matter of the pledge, or of the two pledges, conceding there were two, was within the jurisdiction of a justice of the peace, so the claim was not split up to give justice Greene jurisdiction, but to give him final jurisdiction, thereby defrauding the county court of its rightful jurisdiction. The

evil is the same, whether the jurisdiction of which the county court is defrauded is original or appellate.

Reference is herein made to many principles governing the proceedings relating to prohibition principally by way of illustration, as the subject in this jurisdiction is comparatively new.

The exact question presented and the one decided is this. We hold if a person has an entire claim he cannot split it up and bring as many suits as there are parts, thus subjecting the defendant to as many suits as there are parts and the resulting needless expense, without being—if the defendant has no other remedy—subject to prohibition. The petitioner sought for relief before justice Greene without avail, and he is entitled to a writ of prohibition which must issue in the name of the state.

In the brief for defendants it is stated "The justice, Henry C. Greene, an aged man, is by agreement of counsel, not to be affected by the result in this case to his disadvantage." If he is too old to be affected by the result of these proceedings, it is evident he is too aged to be administering the law, even in a justice court; the writ must issue against him as well as the party and his counsel.

What effect upon these proceedings the discontinuance of one of the suits may have, we do not consider, for it is not shown that either suit has been ended.

*It is ordered that a writ of prohibition issue in the name of the state, signed by the clerk, directed to the petitionees, prohibiting them from proceeding any further in the actions mentioned and set forth in said petition and for the collection of the petitioner's costs of this proceeding, as taxed by the clerk.*