[No. 3,156.]

E. B. POND, F. B. REYNOLDS, AND SAMUEL MORE, CONSTITUTING THE FIRM OF POND, REYNOLDS & Co., *v.* NOEL DAVENPORT, JAMES E. CORBET, AND JAMES McCOY.

JUDGMENT BY CONFESSION.—If an action is commenced and a summons served, and the defendant, before the time for answering expires, files a verified statement consenting to a judgment, and specifying the amount, and undertaking to state the subject matter of the indebtedness, a judgment entered on such statement is a judgment by confession, under the three hundred and seventy-fourth and three hundred and seventy-fifth sections of the Practice Act.

STATEMENT FOR JUDGMENT BY CONFESSION.—A statement for judgment by confession on a promissory note, should state fully the facts out of which the indebtedness for which the note was given arose. It is not sufficient in such statement to say that the promissory note was given for money due the plaintiff from the defendant.

CAL. REPS. XLIV—61

When Judgment by Confession Fraudulent.—If a statement for the entry of a judgment by confession on a promissory note merely states that the note was given for money due, the judgment entered upon it is prima facie fraudulent as to the creditors of the defendant, but it is not so fatally defective as to be void. The presumption which arises that such judgment was fraudulent may be rebutted by proof of the necessary facts which were omitted from the statement.

Idem.—In such case, the burden of proving what the true consideration of the note was, is cast on the party claiming under the judgment.

Fraud on Creditors.—If A. is indebted to B. on a note given for a valid consideration, and overdue, and B. applies to C. to purchase the note, who refuses to do so because it is overdue, but agrees to purchase a new note drawn in place of the old one, payable on demand, and such new note is drawn, and C. buys it for less than its face, and obtains a judgment on it by confession, there is nothing in the transaction which is fraudulent as to the creditors of A.

Appeal from the District Court of the Seventeenth Judicial District, County of San Diego.

On the 16th day of September, 1871, James E. Corbet commenced a suit against Noel Davenport, on the promissory note, for one thousand and thirty-seven dollars and fifty-five cents, mentioned in the opinion. A summons was issued, which was served by the Sheriff on the defendant on the eighteenth of September. On the nineteenth of September the defendant filed the following statement in the case:

"Now comes the said defendant, and says that he authorizes judgment to be taken in this action, against him and in favor of said plaintiff, for the sum of ten hundred thirty-seven and 55-100 dollars and the costs of suit. The facts out of which the said demand arose are that the defendant executed to said plaintiff a certain promissory note, on the 15th day of September, A. D. 1871, for money due the plaintiff from the defendant in the sum of ten hundred thirty-seven and 55-100 dollars, and that the said sum is justly to the plaintiff from this defendant.

"Date San Diego, September 19th, 1871.

                         "NOEL DAVENPORT."

" State of California, San Diego County, ss:

" Noel Davenport, being duly sworn, says that he has heard read the foregoing statement, and knows the contents thereof, and that the same is true of his own knowledge.

" Dated San Diego, September 19th, 1871.

" NOEL DAVENPORT."

" Sworn and subscribed to before me, this 19th September, 1871.

[SEAL.]      " G. N. HITCHCOCK, Notary Public.

" Filed September 19th, 1871."

On the same day the Clerk entered a judgment for the plaintiff for the amount of the note, and costs. The same day an execution was issued and placed in the Sheriff's hands, who levied on a stock of goods belonging to Davenport, and sold the same on the 26th and 27th days of September, 1871. At the sale, Corbet bid in goods to the amount of one hundred and six dollars, and the Sheriff received, in money, nine hundred and fifty-four dollars, over and above costs, which he was about to pay over to Corbet.

Pond, Reynolds & Co. filed a bill to enjoin the Sheriff from paying the money to Corbet, and applied for a preliminary injunction. The application for an injunction was heard on the bill and affidavits, which developed the following facts: Pond, Reynolds & Co. were a firm trading in San Francisco; and in June, July, and August, 1871, the firm sold Davenport goods, for which he became indebted to them in the sum of two thousand four hundred and seventy-one dollars and nine cents, in gold coin. On the 30th of September, 1871, the firm sued Davenport, and caused an attachment to issue, but were unable to find property.

This suit was commenced on the 6th of October, 1871, and, on application of the plaintiff, the Judge granted a preliminary injunction restraining the Sheriff from paying over the money to Corbet.

Argument for Appellant.

The defendant Corbet appealed from the order.

The other facts are stated in the opinion.

*Louis Branson,* for Appellant.

We have carefully examined all the authorities at our command, and we find no case in the books in which an injunction has been issued on a bill which does not show either that the creditor has obtained a judgment against the common debtor and execution returned *nulla bona,* or that he has acquired a lien, by attachment or execution, on the property of the debtor, which he seeks in equity to have applied in satisfaction of his debt. To this effect are all the following cited authorities: Waterman's Eden on Injunctions, 3 ed., 10; *Wiggins* v. *Armstrong,* 2 Johnson Ch. R. 144; *Angel* v. *Draper,* 1 Vern. 399; *Bach* v. *Wastall,* 1 P. W. 444; *King* v. *Marrisal,* 3 Atk. 192; Estee's Pleadings, 369, and authorities there cited; *Shirley* v. *Watts,* 2 Atk. 200; *Edgill* v. *Haywood,* 3 id. 352; *Bennett* v. *Masquez,* 2 Ves. 51; *Brinkerhoff et als.* v. *Brown et als.,* 4 id. 671.

The judgment was not by confession, but was a compulsory one.

The statement in the answer of Davenport comes up to the requirements of the rule laid down by this Court. It would have been good in a complaint for the same cause of action in an ordinary proceeding, and this is all that is required in *Richards* v. *McMillen,* 6 Cal. 419; *Cordier* v. *Schloss,* 12 Cal. 146; *Cordier* v. *Schloss,* 18 Cal. 576; *Wilcoxson* v. *Burton,* 27 Cal. 228. And the utmost extent that these authorities go, is to hold that a statement which does not come up to the requirements of section three hundred and seventy-five is prima facie evidence of fraud, which may be overcome by proof showing that no fraud in fact existed.

*Levi Chase*, for Respondent.

There can be no doubt about the nature of the judgment sought to be set aside in this proceeding. Under the statutes of this State the Clerk of the District Court is authorized to enter but two kinds of judgments, *i. e.* by "default" and by "confession."

The statute (Secs. 374, 375, and 376 of Practice Act), requires that the statement "shall state concisely the facts out of which the indebtedness arose, and shall show that the sum confessed is justly due or to become due." This Court says, in the case of *Cordier* v. *Schloss*, 18 Cal. 581: "The object of the statute in requiring this statement is to put the creditors upon the track of inquiry and to enable them to discover the fraud, if any, and to discourage perjury by requiring a definite and particular account of the transaction which might thus be exposed if it were fraudulent."

Does the vague statement in this case subserve any of the purposes within the contemplation of this Act? The only and natural effect of it is to deceive and mislead creditors and to put them off of the track of the fraud. We, relying upon and following the direction of the facts stated, would never look into the Buttrick indebtedness to find the fraud and collusion so apparent from the circumstances of this case. Buttrick and all his agents and accomplices are kept out of view and hidden behind the "money due from said defendant to the said plaintiffs." In the case last cited the Court say: "It follows, therefore, that the effect of the failure to make the statement required by the statute is to create a prima facie intendment of fraud, and that this casts upon the defendants the burden of showing by clear and satisfactory proof that no fraud existed." The Court, in permitting this showing on the part of defendants, seem to regret that such a rule had been established by previous adjudication, and say: "We confess, if the case were *res*

*integra,* we should be disposed to hold a rule which would at least have the merit of certainty and be easy of application.    But we have not the power, if we had the disposition, to establish a new rule for this case.''    And, therefore, in this, as in all subsequent decisions of the Court upon this question, it has not been inclined to extend or relax the rule in the least particular, but has invariably required the defendants to keep within the letter of their statement in making their proof, and has not permitted any showing on their part that varied in letter or spirit from it.

By the Court, CROCKETT, J.:

The judgment which Corbet obtained against Davenport must be deemed a judgment by confession.    The time for answering had not expired and the judgment could not have been taken by default, and does not purport to have been a judgment of that character.    On the contrary it was based upon a verified statement made by the defendant, consenting to the judgment, specifying the amount, and undertaking to state the subject matter of the indebtedness, as founded on a promissory note due from defendant to the plaintiff in the action.    It was clearly intended to be, and is, in its legal effect, a judgment by confession.    This judgment is assailed on the ground: First—That the statement was insufficient in omitting to set forth with the requisite particularity the facts out of which the indebtedness arose, and it is insisted that for this reason, prima facie, it was fraudulent as to creditors of the judgment debtor; and second, that the judgment was fraudulent in fact, the defendant, as is alleged, being in no manner indebted to the plaintiff when the note was executed and the judgment confessed.    The first point is well taken.    The statement, in attempting to set out the facts out of which the indebtedness arose, only avers "that the defendant executed to said plaintiff a certain promissory

note on the 15th day of September, A. D. 1871, for money due the plaintiff from the defendant in the sum of ten hundred thirty-seven and fifty-five one hundredths dollars, and that the said sum is justly to the plaintiff from this defendant." The omission of the word "due" after the word "justly" was probably a mere clerical error, and will be so treated. But the statement is substantially defective, in omitting to set forth the consideration of the note, and the facts out of which the indebtedness arose. (*Richards* v. *Mc-Millan*, 6 Cal. 422; *Cordier* v. *Schloss*, 12 id. 143; same case, 18 id. 576; *Wilcoxson* v. *Burton*, 27 id. 237.) The statement, however, was not so fatally defective as to render the judgment void, but raises a presumption that it was fraudulent as to the creditors of Davenport. This, however, is but a presumption, which may be rebutted by proof of the necessary facts which were omitted from the statement (see authorities above cited), but the facts proved must be consistent with and in support of the averments of the statement. In *Wilcoxson* v. *Burton, supra*, the rule is thus stated: "Particular facts lying within the scope of the general terms used in a confession may be brought forward by averment. If the confession states a 'promissory note' (implying a consideration) or 'services' or 'advances' or both, as the source or ground of indebtedness, the creditor, always keeping within the limits of the terms used, may prove all matters explanatory. Beyond this he cannot go." As a promissory note imports a consideration, it is competent, under this rule, to prove what the true consideration was and thus supply the omission in the statement, but the burden of proof is on the party claiming under the judgment. On the hearing of the application for an injunction in this case, Corbet, the plaintiff in the judgment, produced several affidavits, detailing the circumstances under which the note was made, and stating its consideration minutely. The facts, as disclosed by the affidavits, were,

that on the 22d June, 1871, Davenport, being justly indebted to one Buttrick in the sum of one thousand and thirty-seven dollars and fifty-five cents, gold coin, for merchandise sold and delivered, executed and delivered to Buttrick, on that day, his promissory note for that sum, payable on demand; that in the following month of September, Buttrick, being still the holder of the note, which remained unpaid, applied, through his agent, to Corbet, with a view to raise money on the note, but the latter refused to purchase or discount it on the ground that it was overdue. He proposed, however, that if Buttrick would procure from Davenport his promissory note for the same amount, payable directly to Corbet or order, on demand, then he would discount or purchase the note at the sum or price of eight hundred dollars. Thereupon Buttrick, through his agent, proposed to Davenport that he would surrender the first note if the latter would execute another note for the same amount, payable to Corbet, and explained why he desired to change the form of the note. Davenport having assented to the arrangement, the first note was surrendered and the new one executed, which was immediately delivered to Corbet, who paid to Buttrick the stipulated sum of eight hundred dollars. The confession of judgment was founded on this note. These affidavits were wholly uncontradicted, and there was nothing in the facts disclosed tending to impeach either the consideration of the note or the bona fides of the transaction. It was but a change in the form of the note, which represented the indebtedness from Davenport to Buttrick, and as between the parties to it the legal effect of the transaction was precisely the same as though Buttrick had surrendered the old note and taken a new one payable to himself, which he had assigned to Corbet for a valuable consideration, but without recourse. The same result was accomplished by the method which was pursued, and I discover nothing in the transaction which can impeach the considera-

tion of the note or raise even a suspicion of fraud. For these reasons, I am of opinion that the judgment was valid, and that the presumption of fraud arising from the defects in the confession was successfully rebutted by the facts disclosed by the affidavits. It results that by the levy of his execution Corbet acquired a valid lien on the goods, and is therefore entitled to the fund in the Sheriff's hands if the facts disclosed by this record are true.

Order granting injunction reversed, and cause remanded.

Mr. Justice RHODES did not express an opinion.