[No. 3,555.]

E. B. POND, F. B. REYNOLDS, AND SAMUEL MOORE, CONSTITUTING THE COPARTNERSHIP OF POND, REYNOLDS & Co., *v.* NOEL DAVENPORT, JAMES E. CORBET, AND JAMES McCOY.

WHAT IS NEW MATTER IN AN ANSWER.—If a judgment entered by confession is prima facie fraudulent because the statement upon which it was entered fails to set out the facts upon which the indebtedness accrued, and a bill is filed by a creditor of the judgment debtor to set aside the judgment, allegations in the answer of the facts out of which the indebtedness arose, are matters in avoidance of the prima facie fraudulent judgment, and are new matter.

STIPULATION AS TO TAKING JUDGMENT.—If the answer contains new matter, which, if true, would entitle the defendant to judgment, and the parties stipulate that "all, if any, new matter pleaded in avoidance ＊ ＊ ＊ shall be taken as proven," the stipulation entitles the defendant to a judgment.

WHEN JUDGMENT NOT VOID.—A judgment is not void as to creditors because the action is commenced before the maturity of the note which was the cause of action, and the defendant confesses judgment without service of process.

APPEAL from the District Court of the Seventeenth Judicial District, County of San Diego.

CAL. REPS. XLV—29

On the 15th day of September, 1871, defendant Davenport gave defendant Corbet the following note:

"SAN DIEGO, September 15th, 1871.

" On demand, I promise to pay J. E. Corbet, or order, for value received, ten hundred and thirty-seven dollars and fifty-five cents, in full of all demands to date, in United States gold coin.

"NOEL DAVENPORT."

On the 16th of September, 1871, Corbet commenced suit against Davenport on this note, and before service of summons, and on the nineteenth day of September following, Davenport executed and filed the following statement, verified by his oath:

" James E. Corbet, plaintiff, v. Noel Davenport, defendant.

" Now comes the said defendant, and says that he authorizes judgment to be taken in this action, against him and in favor of the said plaintiff, for the sum of ten hundred and thirty-seven dollars and fifty-five cents and the costs of suit. The facts out of which the said demand arose are, that the defendant executed to said plaintiff a certain promissory note on the 15th day of September, A. D. 1871, for money due the plaintiff from the defendant, in the sum of ten hundred and thirty-seven dollars and fifty-five cents, and that the said sum is justly to the plaintiff from the defendant.

"Dated, San Diego, September 19th, 1871.

"NOEL DAVENPORT."

Upon this statement, the Clerk rendered judgment for Corbet, and on the same day an execution was issued, which was levied upon Davenport's stock in trade at San Diego, and the same was sold. At the sale Corbet bid in goods of the value of one hundred and six dollars, and the Sheriff received in money nine hundred and fifty-four dollars. The

plaintiffs, who were merchants in San Francisco, had sold to Davenport goods of the value of more than two thousand dollars, and on the thirtieth day of September commenced suit against him to recover the same, and caused an attachment to issue. The plaintiffs soon after commenced this action, and alleged that the Sheriff was about to pay the money to Corbet, and that Davenport was insolvent, and that the judgment of Corbet against Davenport was fraudulent, and Davenport did not owe Corbet, etc., and obtained an injunction restraining the Sheriff from paying the money to Corbet. An appeal was taken from the order granting this injunction, and it was reversed at the October Term, 1872. The case is reported in 44 Cal. 481.

Corbet, in his answer in this case, set up as new matter, and as the facts out of which the indebtedness of Davenport to him arose, the following:

That on the 15th day of September, 1871, Davenport was indebted to one W. H. Buttrick in the sum of ten hundred and thirty-seven dollars and fifty-five cents, for goods before then sold him by Buttrick, for which Buttrick held his note, and that on the day last aforesaid Buttrick offered to sell the note to Corbet, but Corbet refused to buy it because it was past due, and that Buttrick then told Davenport he could sell the indebtedness if Davenport would give Corbet a note for the sum, and that Davenport consented, and gave Corbet the note sued on, and Buttrick surrendered him his old note, and Corbet paid Buttrick eight hundred dollars.

The other facts are stated in the former report of the case, and in the opinion in this case.

*Levi Chase*, for Appellants.

The answer contains no "new matter." It amounts to but a denial of the allegations of the complaint affirmatively stated. The stipulation did not admit any part of it in evidence; hence defendant submitted his case without evidence

to rebut the intendment of fraud appearing.    (21 Cal. 71;
21 Cal. 434; 22 Cal. 168.)

According to defendant's own showing the note was exe-
cuted on and bore date of September fifteenth, and was made
payable on demand.   He brought this suit on the sixteenth
of September, being two days before the maturity of this
note.   He does not attempt to explain that badge of fraud.

Demand notes are entitled to three days grace.   (Hit.
General Laws Cal. 441; 38 Cal. 409.)

Commencing suit before maturity of the note is a fraud
upon other creditors.    (7 Cal. 355; 13 Cal. 441, 443; 35 Cal.
308.)

*Louis Branson*, for Respondents.

The confession of judgment was held by this Court when
this case was before it (44 Cal. 481), to be so defective as to
raise prima facie evidence of fraud, which threw on the
defendants the burden of proving that there was no fraud
in fact.   This they did by the new matter set up in the
amended answer, and which is admitted to be true by the
stipulation of the parties.   This new matter set up in the
amended answer is within the scope of the general terms of
the statement for a confession of judgment as defined by.
*Wilcoxson* v. *Burton*, 27 Cal. 237; *Pond, Reynolds & Co.* v.
*Davenport et al.*, 44 Cal. 481.

The learned counsel insists that the judgment is void, and
that the Clerk had no authority to enter it, for the reason
that the note in question was not due by two days at the
time, notwithstanding the statute under which the judgment
was rendered expressly authorizes the Clerk to enter such
judgment either for money due or to become due.   (Prac-
tice Act, Secs. 374, 375.)

By the COURT:

In the Court below the cause was submitted on the plead-ings and on a stipulation of the parties as to certain facts; and amongst others, that all, if any, new matter pleaded in avoidance in the answer of the defendant, Corbet, shall be taken as proven "and received as evidence for either party herein." A judgment having been entered for the defend-ants, the plaintiffs appeal as well from the judgment as from an order denying their motion for a new trial. If it be con-ceded that the amended complaint states a good cause of action (a point which we deem it unnecessary to decide), the new matter set up in Corbet's answer, and which the stipulation admits to be true, furnishes a full defense. When this case was here on a former appeal (44 Cal. 481), we held that the judgment obtained by Corbet against Davenport was a judgment by confession, and on account of certain deficiencies in the statement on which it was founded, was, prima facie, fraudulent as against the creditors of Daven-port; but that it was competent for the defendants to rebut the presumption of fraud, by proving in this action such facts as would supply the deficiencies in the statement; and we prescribed the limits within which such proof would be admissible. We further held that the facts disclosed by certain affidavits, used on the application for an injunction, supplied the omission in the statement and established the bona fides of the judgment. The same facts are substan-tially set forth in Corbet's answer; and if these facts are to be deemed new matter within the purview of the stipula-tion, they are admitted to be true. That they constitute new matter is too clear to admit of reasonable doubt. They are new facts brought into the case to repel the presumption of fraud in the judgment, and are strictly matters in avoidance of the prima facie case of fraud made by the complaint. There is no force in the other point suggested by the appel-

lant. The judgment was not void, because the action was commenced before the maturity of the note.

Judgment and order affirmed.