HERMAN GILBERT, Respondent, v. HENRY GILBERT et al., Appellants.

St. Louis Court of Appeals, December 18, 1888.

33 259
99 m 282
33 259
38 213
33 259
41 48
33 259
42 194

1. **Attachment:** JUDGMENT BY CONSENT : RELEASE OF LIEN. Where an attachment is issued and levied, and subsequently, before the return day of the process, the parties appear in open court and cause a judgment to be entered by consent in the attaching plain. tiff's favor, this proceeding waives and releases the lien of the attachment. The plaintiff's failure to prosecute his attachment to judgment in the manner pointed out by law, and his acceptance of a judgment not based upon or in conformity with the writ, operates a dissolution of the attachment, and the lien of other attaching creditors will take full effect, as if the first attachment had not been issued.

2. **Judgment:** CONFESSION WITHOUT AFFIDAVIT. A confession of judgment before the return day of process in the cause, and without the statement and affidavit required by section 3697, Revised Statutes, is void as to subsequent creditors.

3. **Attachment:** MOTION TO DISSOLVE : EQUITABLE PROCEEDING. A summary motion to dissolve or postpone an attachment on grounds of fraud, collusion and irregularities is, in effect a statutory substitute for a bill in equity, and the appellate court is not bound by the findings of fact in the court below.

*Appeal from the St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

REVERSED AND REMANDED.

*M. N. & Lee Sale*, for the appellants.

The institution of the attachment suit of Herman Gilbert was an attempt on the part of Henry Gilbert

(participated in by Herman Gilbert) to hinder and delay the creditors of Henry Gilbert, and was, therefore, fraudulent and void, even if the alleged debt of Herman Gilbert could be regarded as *bona fide* and justly due and owing.      *Henderson v. Henderson*, 55 Mo. 534; *Kuykendall v. McDonald*, 15 Mo. 416, 420; *Johnson v. Sullivan*, 23 Mo. 474; *Witz v. Osburn*, 2 S. E. Rep. 33; *Bird v. Aitken*, Rice's Eq. [S. C.] 73; *Pickett v. Pickett*, 2 Hill's Ch. [S. C.] 470.   The attachment of Herman Gilbert was instituted with the purpose preconceived by both Gilberts of giving to Henry Gilbert a use in the property attached, or its proceeds, and was therefore void.   *State to use v. Jacob*, 2 Mo. App. 183; *Smith v. Craft*, 12 Fed. Rep. 856; *Bank v. Mfg. Co.*, 6 Stewart [N. J. Eq.] 486; *Mitchell v. Sawyer*, 115 Ill. 650.   The failure of plaintiff to prosecute his attachment to judgment in the manner required by law, and his acceptance of a judgment by confession, not based upon or in conformity with the writ of attachment, operated as a dissolution of his attachment.   *Bank v. McDonald*, 46 Mo. 31; *Suydam v. Huggeford*, 23 Pick. 465; *Stone v. Miller*, 62 Barb. [N. Y.] 430; *Alley v. Myers*, 2 Tenn. Ch. 206; *Hall v. Walbridge*, 2 Aikens, 215; *Murray v. Eldridge*, 2 Vermont, 388; *Iron Co. v. Gleason*, 24 Vermont, 228; *Cole v. Wooster*, 2 Conn. 203; Drake on Attach. [6 Ed.] p. 250, secs. 262, 282; Waples on Attach. 490 *et seq.*; 1 Wade on Attach., p. 414, sec. 220; *Page v. Jewett*, 46 N. H. 441.   The writs of attachment and summons were returnable to the April term, 1888.   On March 9, 1888, Henry Gilbert filed a stipulation whereby he waived service, entered his appearance to the February term and consented to judgment for the sum of $2,455.   This was in effect a confession of judgment, and as such should have been accompanied by the statement and affidavit required by section 3697, Revised Statutes. Failing in this, it was void as to Frankenthal & Bro. Freeman on Judg. [3 Ed.] p. 576, sec. 544; *Flanagan v.*

*Bruner*, 10 Texas, 257 ; *Schroeder v. Fromme*, 31 Texas, 602 ; *Pond v. Davenport*, 44 Cal. 482. The defendant entered his appearance to the term preceding that at which the attachment writ was returnable, and thereupon by consent of plaintiff and defendant a general personal judgment was rendered against defendant and execution issued thereon forthwith. The attachment proceedings presented an issue, and there being no adjudication whatever of that issue, the taking of a personal judg- ment alone was an abandonment of the attachment lien, and the judgment stands as though no attachment had been issued in the cause. *Sannes v. Ross*, 105 Ind. 558 ; *Smith v. Scott*, 86 Ind. 346 ; *Lowrie v. McGee*, 75 Ind. 508 ; *Cook v. Love*, 33 Texas, 487 ; *Hurst v. Liford*, 11 Heisk. 622.

*James M. Loring*, for the respondent.

Section 447, of the Revised Statutes, under which this proceeding is instituted, gives the court the power "to settle and determine all controversies which may arise between any of the plaintiffs in relation to the property, and the priority, validity, good faith, force and effect of the different attachments." There is no question as to the priority, validity or force and effect of the attachment in which Herman Gilbert was the plaintiff, but the good faith of his said proceeding is questioned. It is also alleged that he abused the pro- cess of the court and that therefore his judgment ought to be held null and void. The burden to prove fraud is upon Frankenthal ; in other words, they must prove that the debt is not *bona fide*. The debt being *bona fide*, it does not matter whether there was a purpose precon- certed by both Gilberts of giving the plaintiff a prefer- ence. For under the law of this state, a debtor has the right to prefer one of his creditors to the exclusion of all the others. And he even may make a cause of attach- ment in order to help such *bona-fide* creditor in securing

such preference through the process of the courts. *Saddlery 'Co. v. Urner*, 24 Mo. App. 534. The debt being *bona fide*, it must follow that the motion cannot be sustained, unless the process of the court was abused in obtaining the judgment. The defendant was duly summoned, and appearing to the action, he consented to an entry of judgment on both the attachment and the debts sued for. The court thereupon entered up a judgment which affected both the property attached as well as any other property then owned by the plaintiff. R. S., sec. 433 ; *Payne v. O'Shea*, 84 Mo. 138. And such confession of judgment was not a fraud as against other creditors of the defendant, because it was for a *bona-fide* debt.

PEERS, J., delivered the opinion of the court.

On January 23, 1888, Herman Gilbert sued out of the circuit court of the city of St. Louis a writ of attachment returnable to the April term, 1888, against the property of Henry Gilbert to recover the sum of $2,455, which writ was levied on the contents of two stores owned by said Henry Gilbert, one at 208 North Seventh street, the other at 2840 Market street. Subsequently, on the same day, A. Frankenthal & Bro. sued out of the same court a writ of attachment, returnable to the same term, against the same defendant, for the sum of $925.23, which writ was levied upon the same property. On February, 7, 1888, the property levied on was sold by the sheriff, and the proceeds realized therefrom, after deducting costs and expenses, amounted to $970.98.

On March 9, 1888, defendant Henry Gilbert appeared in court, waived service, entered his appearance to the February term, and consented "that judgment might go against him on the grounds for the attachment, and that plaintiff have judgment for $2,455, and costs." Whereupon the court entered the following judgment in this cause :

"Friday, March 9th, 1888.

"Herman Gilbert *vs.* Henry Gilbert:

"And now at this day comes the plaintiff by attorney and comes also the defendant in his own proper person, and said defendant waives service and enters his appearance to the February term, and thereupon said parties submit this cause to the court, and consent and agree that judgment be entered herein in favor of the plaintiff, and against defendant, and for the sum of twenty-four hundred and fifty-five dollars, wherefore it is considered that the plaintiff recover of the defendant the said sum of twenty-four hundred and fifty-five dollars, so consented and agreed to, as aforesaid, together with his costs and charges herein expended, and have therefor execution forthwith."

Whereupon execution was issued forthwith, and delivered to the sheriff of the city of St. Louis. On the following day, A. Frankenthal & Bro., the second attaching creditors of Henry Gilbert, filed their motion in this case to postpone or dissolve the attachment of Herman Gilbert, alleging as grounds for said motion the following: (1) That the debt claimed by Herman Gilbert is not *bona fide;* (2) that the attachment based thereon was obtained by collusion between the Gilberts for the fraudulent purpose of giving the debtor, Henry Gilbert, the use and control of the property taken thereunder; (3) that said attachment was not sued out adversely in good faith, but in furtherance of a conspiracy between the Gilberts for the purpose of hindering, delaying or defrauding the *bona-fide* creditors of said Henry Gilbert, including said Frankenthal & Bro.; (4) that the said Herman Gilbert designedly abused the process of the court, in invoking the process of attachment against Henry Gilbert with the acquiescence and consent of said Henry Gilbert, when in fact no ground existed for the issuance of an attachment, or if such ground existed, the act constituting such ground was

done by said Henry Gilbert by the advice and with the connivance of said Herman Gilbert for the purpose of creating a cause for an attachment.

Upon the filing of said motion, execution was stayed till the determination thereof.

Plaintiff filed a denial of the allegations of the motion and the issues thus made up were tried by the court and the motion of Frankenthal & Bro. was thereafter, at the April term, overruled and stay of execution was ordered vacated.

Thereafter at the said April term, 1888, Frankenthal & Bro. prosecuted their suit against Henry Gilbert to judgment on a plea in abatement filed therein, and also to judgment on the merits for the amount sued for by them, to-wit, the sum of $925.23. Thereupon said Frankenthal & Bro. filed their supplemental motion in this suit to postpone or dissolve the attachment of Herman Gilbert, alleging as ground therefor that the action of said Herman Gilbert in taking judgment in this cause, as hereinbefore detailed, was a fraud in law upon said Frankenthal & Bro., and that the lien of the attachment of said Herman Gilbert was thereby waived and released as to them. This supplemental motion was, by consent of parties, heard by the court, and submitted upon proof of the facts therein stated, and was by the court overruled. From the action of the court in overruling the motions of Frankenthal & Bro., they prosecute this appeal.

The writ of attachment was issued on the twenty-third day of January, 1888, returnable to the April term, 1888, of the St. Louis circuit court. On the day of its issuance the writ was levied, and on the seventh day of February following, the property was sold. On the ninth of March the defendant appearing in person, waives service and enters his appearance to the February term, agreeing that judgment may be entered against him, which is done, and execution was ordered to issue

forthwith.   The very next day, Frankenthal & Bro. file their motion to stay the execution and postpone the lien.   The parties evidently intended this to be a judgment by confession, thereby cutting out subsequent creditors; otherwise, why did they not wait until the return day of the writ?   The property had been sold, the money was in court, and there was no occasion for undue haste.   The zeal of these two brothers caused them to overleap the statute, and to render their judgment and lien absolutely void in establishing any priority as against subsequent attaching creditors.   There are two classes of confessions of judgment in this state, one applicable to justices of the peace, and one to courts of record.   The principle of the two statutes is the same, and there is no material difference in the language.   They are both predicated upon the idea of confession without process ( *Davis v. Wood*, 7 Mo. 162), and were not intended, nor do they apply to proceedings where process has issued and been served.   An attachment creates a lien, and places the property in the custody of the law to respond to the judgment and execution that shall be obtained thereon.   As against subsequent attachments, the rendition of a judgment in due form and course of law is as necessary as the attachment itself, so also is the issuing of an execution on that judgment and duly charging the property therewith.   Upon this principle it was held in *Hall v. Walbridge*, 2 Aikens, 215, that "*a confession* of judgment in a suit  *  *  *  would discharge a lien created by the attachment, as no *judgment* has been rendered *upon the process*. on which the attachment was made, and the property was held by subsequent attaching creditors."   So also, in the case of *Murray v. Eldridge*, 2 Vermont, 388, a judgment was rendered by the agreement of the parties a few days before the time specified in the writ, and its effect was to discharge the lien created by the attachment, and the property was held

by subsequent attachments. In that case the court says, "the moment in which the action was discontinued, or a judgment obtained by confession, or in any other way, not in the regular prosecution of the action, the lien of the subsequent attaching creditors was perfected to the whole of the property, the property ceased to be holden by the first attachment." So, in *Clark v. Foxcroft*, 7 Me. 348, it was held, that the rights of the parties must be determined according as they stood at the commencement of the action, and that the rights of subsequent attaching creditors cannot be affected by agreements made between the prior attaching creditor and his debtor after the attachments are made. So if the judgment be taken in a way and with the intent to defraud, hinder or delay other creditors of the debtor, the law will pronounce that judgment fraudulent and void as against such creditors. *Robinson v. Holt*, 39 N. H. 557 ; *Page v. Jewett*, 46 N. H. 441 ; *Peirce v. Patridge*, 3 Met. 44 ; *Fairfield v. Baldwin*, 12 Pick. 388 ; *Cole v. Wooster*, 2 Conn. 203.

"Where there is a judgment for the plaintiff upon the confession of the defendant, is there a release of the lien so far as junior attachers are concerned ? If the confession of judgment is before the return of the attachment writ, it could hardly be said to merge any attachment lien into a judgment lien." Waples on Attachments, 490. Of course the judgment lien would be none the worse for this, so far as the direct relations between the judgment creditor and the judgment debtor are concerned ; but the question is, would such judgment have priority in execution directed against goods attached, over junior judgments rendered without confession and pursuant to garnishment or attachment, and for the perfection of the lien ? Certainly the first plaintiff could not retain priority of lien made by compromising with the defendant, accepting attached property in satisfaction of the claim, and dismissing his

Gilbert v. Gilbert.

suit, and it would seem a confession of judgment by the defendant, under the circumstances suggested, would give the plaintiff no better position, in relation to competing junior attachers, than such compromise would give.   As a general rule, the attaching creditor, during his right to create a lien by the operation of law upon given circumstances, must reasonably follow the law ; for though junior competing creditors are not competent to interfere between him and the defendant for the purpose of pointing out unsubstantial irregularities, they have such right as their interest gives to show that the first attachment has lost its hold by the failure of the senior attacher to follow the law."    *Ib.*

To render an attachment secure against attack by a subsequent attaching creditor, it is not only incumbent upon the plaintiff in the first suit to have instituted his action in good faith, but he must preserve his attitude towards those who are in a position to succeed to his right as a lienor.   Where, in taking his judgment, he does any act, the direct or legitimate result of which is to prejudice the rights of subsequent attaching creditors beyond what they necessarily suffer from his priority, or to diminish such subsequent creditors' security upon defendant's property, such wrongful act will be pronounced a fraud upon the subsequent creditor, and the judgment will be declared void. Wade on Attach. sec. 220 ; Drake on Attach. 250.

It is well settled that the equities of different attaching creditors are equal ; that the rights acquired by them must depend upon their substantial compliance with the law, and that fraud, collusion, or any departure from its forms, for the purpose of accelerating his remedy, or otherwise give an undue advantage, will destroy his lien and let in other creditors.   The failure of this plaintiff to prosecute his attachment to judgment in the manner required by law, and his acceptance of a judgment by confession, not based upon or in

conformity with the writ of attachment, operated as a dissolution of his attachment. *Southern Bank v. McDonald*, 46 Mo. 31 ; *Suydam v. Huggeford*, 23 Pick. 465 ; *Stone v. Miller*, 62 Barb. 430 ; *Brandon Iron Co. v. Gleason*, 24 Ver. 228 ; *Alley v. Myers*, 2 Tenn. Ch. 206 ; *Murray v. Eldridge*, 2 Ver. 388 ; *Cole v. Wooster*, 2 Conn. 203 ; *Hall v. Waldbridge*, 2 Aikens, 215 ; *Page v. Jewett*, 46 N. H. 441 ; 1 Wade on Attachments, 414 ; *Lowry v. McGee*, 75 Ind. 508. The general propositions laid down in the list of authorities above quoted are codified by the statute of this state. R. S., 1879, sec. 447.

The judgment in this case is in effect a confession, and as such should have been accompanied by the statement and affidavit required by section 3697, Revised Statutes of Missouri ; failing in this it was void as to subsequent creditors. "It is certain that the statute does not apply to any judgment confessed in an action regularly commenced and in which process is regularly issued and served (4 Dutch. 524 ; 10 Mich. 479), and it seems to be essential that the process should be served, and that, though action be regularly instituted, the voluntary appearance of the defendant and his admission of facts stated in the complaint, will not sustain the judgment, in the absence of the *statement* prescribed by the statute." Freeman on Judgments, sec. 544; *Flanagan v. Bruner*, 10 Texas, 257 ; *Pond v. Davenport*, 44 Cal. 481.

Question is raised by counsel as to whether this matter on appeal should be treated as a trial at law. "This proceeding by motion is summary, and we shall treat it in this respect as a statutory substitute for a bill in equity." The statute evidently contemplates a hearing and determination on motions of this character by the court without the intervention of a jury ; hence, the finding of the trial court on the evidence is not conclusive on this court. *Hensley v. Baker*, 10 Mo. 157 ; *Erskine v. Lowenstein*, 82 Mo. 301.

On the whole case, three propositions are quite clear: (1) The failure of the plaintiff to press his attachment to judgment in the manner required by law operated as a dissolution thereof, as against subsequent attaching creditors; (2) his failure to accompany the confession of judgment with the statement and affidavit required by the statute, rendered the same void as to Frankenthal & Bro., the moving creditors, and (3) even if the law were otherwise, this attachment was fraudulent as to Frankenthal & Bro., under the evidence.

Judgment reversed and cause remanded. All the judges concur.